IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEAN KEVIN LURIE, M.D. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:06CV01386 |
| MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C., ET AL | * | Judge: Royce C. Lamberth |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER OF DEFENDANT,
MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C.**

Defendant, Mid-Atlantic Permanente Medical Group, P.C. ("MAPMG"), responds as follows to the numbered paragraphs of the Complaint filed by Plaintiff, Dean Kevin Lurie, M.D. ("Lurie").

**JURISDICTION**

1. The allegations in paragraph 1 state conclusions of law to which MAPMG is not required to respond.

2. The allegations in paragraph 2 state conclusions of law to which MAPMG is not required to respond.

**VENUE**

3. MAPMG denies the allegation in paragraph 3 that, during the period material to Lurie's claims, a substantial portion of his employment was performed in the District of Columbia. The other allegations in paragraph 3 state conclusions of law to which MAPMG is not required to respond.

374079.1
9/5/2006

## NATURE OF ACTION

4.  MAPMG admits the allegations in paragraph 4 that Lurie performed vascular surgery, other medical services, and medical research and was employed by MAPMG as a staff physician from on or about August 15, 1988 until he was discharged on or about October 21, 2005. MAPMG denies the allegations in paragraph 4 that: (a) Lurie's discharge was improper; (b) Lurie was told that he was being discharged solely because he had falsified time records; (c) the Maryland Office of Unemployment Insurance found that the evidence of Lurie's misconduct was insufficient; (d) MAPMG discriminated against Lurie due to his age, terminated him in order to deprive him of future pension benefits, and violated a two-year research contract and MAPMG's policies and procedures by terminating him; (e) MAPMG and Defendants, Yancy Phillips ("Dr. Phillips"), Jacob Lustgarten (Dr. Lustgarten"), and Behdad Aryavand (Dr. Ayavand"), acted unlawfully in denying Lurie admission to the referring provider network; and (f) Lurie is entitled to any of the relief sought by the Complaint. The other allegations in paragraph 4 state conclusions of law to which MAPMG is not required to respond.

## PARTIES

5.  MAPMG is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 5.

6.  MAPMG denies the allegation in paragraph 6 that MAPMG is an HMO company. The allegation in paragraph 6 regarding MAPMG's involvement in an industry affecting commerce states a conclusion of law to which MAPMG is not required to respond. MAPMG admits the other allegations in paragraph 6.

7.  MAPMG admits the allegations in paragraph 7 that Dr. Phillips is employed by MAPMG and practices medicine in the State of Maryland. MAPMG denies the other allegations in paragraph 7.

8. MAPMG denies the allegation in paragraph 8 that Dr. Aryavand is employed by MAPMG. MAPMG admits that other allegations in paragraph 8.

9. MAPMG admits the allegations in paragraph 8 regarding Dr. Lustgarten.

## COMMON ALLEGATIONS

10. MAPMG admits the allegations in paragraph 10 that Lurie began his employment with MAPMG on or about August 15, 1988 and practiced medicine for MAPMG in Prince George's County, Maryland until he was terminated. MAPMG denies the allegation in paragraph 10 that Lurie practiced medicine for MAPMG in the District of Columbia on a regular basis at any time material to his claims.

11. MAPMG denies the allegations in paragraph 11 that Lurie is Board Certified in General Surgery and Vascular Surgery. MAPMG admits the other allegations in paragraph 11 based upon information provided to MAPMG by Lurie.

12. MAPMG denies the allegation in paragraph 12 that Lurie served as the director of salary and benefits administration. MAPMG admits the other allegations in paragraph 12.

13. MAPMG admits the allegations in paragraph 13 that, while employed by MAPMG, Lurie received: (a) awards based on years of service with MAPMG; (b) periodic bonuses and salary increases; (c) a retroactive salary increase because he was performing vascular surgery; and (d) a Certificate of Recognition and a Distinguished Art of Medicine Award. MAPMG is without knowledge or information sufficient to form a belief regarding the truth of the other allegations in paragraph 13.

14. MAPMG is without knowledge or information sufficient to form a belief regarding the truth of the allegation in paragraph 14 about Lurie's publication and presentation of original research. MAPMG denies the other allegations in paragraph 14.

15. MAPMG denies the allegations in paragraph 15 that: (a) MAPMG retaliated against Lurie for raising quality of care issues; and (b) Lurie was concerned about improving the quality of care that patients received. MAPMG is without knowledge or information sufficient to form a belief regarding the truth of the other allegations in paragraph 15.

16. MAPMG admits the allegations in paragraph 16 that, during the fall of 2005, Dr. Phillips informed Lurie that Lurie was being terminated by MAPMG. MAPMG denies the other allegations in paragraph 16.

17. MAPMG admits the allegation in paragraph 17 that Lurie filed a complaint with the U.S. Equal Employment Opportunity Commission. MAPMG denies the other allegations in paragraph 17.

18. MAPMG admits the allegation in paragraph 18 that, while employed by MAPMG, Lurie was a participant in MAPMG's pension plan. MAPMG denies the other allegations in paragraph 18.

19. MAPMG is without knowledge or information sufficient to form a belief regarding the allegation in paragraph 19 the Lurie has formed his own medical practice since being terminated by MAPMG. MAPMG denies the other allegations in paragraph 19.

20. MAPMG admits the allegation in paragraph 20 that MAPMG did not pay Lurie vacation pay, sick pay, a retroactive pay increase, and bonuses when he was terminated. MAPMG denies that MAPMG acted unlawfully in that regard.

## CLAIMS

### COUNT I
### (Employment Discrimination—Age)
### (Against MAPMG)

21. MAPMG responds to paragraph 21 in the same manner that MAPMG responded to the paragraphs incorporated by reference.

22. MAPMG denies the allegations in paragraph 22 that MAPMG deprived Lurie of employment because of his age and acted willfully, maliciously, or with reckless disregard of the law by terminating Lurie. MAPMG admits the other allegations in paragraph 22.

23. MAPMG denies the allegations in paragraph 23.

24. MAPMG denies the allegations in paragraph 24.

25. MAPMG admits the allegations in paragraph 25, including that the EEOC issued a Dismissal and Notice of Rights to Lurie.

26. MAPMG denies the allegations in paragraph 26.

### COUNT II
### (ERISA)
### (Against MAPMG)

27. MAPMG responds to paragraph 27 in the same manner that MAPMG responded to the paragraphs incorporated by reference.

28. MAPMG denies the allegations in paragraph 28.

29. MAPMG admits the allegation in paragraph 29 that Lurie was a participant in a pension plan maintained by MAPMG. MAPMG denies the other allegations in paragraph 29.

30. MAPMG denies the allegations in paragraph 30.

374079.1
9/1/2006

## COUNT III
### (Wrongful Discharge)
### (Against MAPMG)

31. MAPMG responds to paragraph 31 in the same manner that MAPMG responded to the paragraphs incorporated by reference.

32. MAPMG denies the allegations in paragraph 32.

33. MAPMG denies the allegations in paragraph 33.

## COUNT IV
### (Breach of Contract)
### (Against MAPMG)

34. MAPMG responds to paragraph 34 in the same manner that MAPMG responded to the paragraphs incorporated by reference.

35. MAPMG denies the allegations in paragraph 35.

36. MAPMG admits the allegation in paragraph 36 that MAPMG entered into a contract ("the Contract") with GRAFTcath, Inc. in or about April 2005 and the terms of the Contract speak for themselves. MAPMG denies the allegations in paragraph 36 to the extent that the allegations differ from the terms of the Contract.

37. MAPMG denies the allegations in paragraph 37.

38. MAPMG denies the allegations in paragraph 38.

39. MAPMG denies the allegations in paragraph 39.

## COUNT V
### (Breach of Implied Contract)
### (Against MAPMG)

40. MAPMG responds to paragraph 40 in the same manner that MAPMG responded to the paragraphs incorporated by reference.

41. MAPMG denies the allegations in paragraph 41.

374079.1
9/1/2006

42. MAPMG denies the allegations in paragraph 42.

43. MAPMG denies the allegations in paragraph 43.

## COUNT VI
### (Interference with Business and Unfair Competition)
### (Against All Defendants)

44. MAPMG responds to paragraph 44 in the same manner that MAPMG responded to the paragraphs incorporated by reference.

45. MAPMG denies the allegations in paragraph 45.

46. MAPMG denies the allegations in paragraph 46.

47. MAPMG denies the allegations in paragraph 47.

48. MAPMG denies the allegations in paragraph 48.

MAPMG denies: (1) all allegations in the Complaint that are not specifically admitted above; and (2) Lurie is entitled to any of the relief sought by paragraph 49 of the Complaint.

## AFFIRMATIVE DEFENSES

MAPMG states the following affirmative defenses to Lurie's claims.

### FIRST AFFIRMATIVE DEFENSE

Lurie has failed to take steps reasonably calculated and necessary to mitigate any damages that he may have suffered.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against MAPMG upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Statute of Frauds bars the claim alleged in Count V of the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The Doctrine of Unclean Hands bars Lurie from obtaining any equitable relief.

7

WHEREFORE, MAPMG asks the Court to enter judgment in favor of MAPMG and against Lurie on all of the claims alleged in the Complaint and to award MAPMG: (1) the attorneys' fees, litigation expenses, and costs incurred in defending those claims; and (2) such other relief deemed appropriate by the Court.

Respectfully submitted,

_____/s/_____
R. Michael Smith (DC Bar #372654)

_____/s/_____
Charles R. Bacharach (DC Bar #448842)
Gordon, Feinblatt, Rothman,
   Hoffberger & Hollander, LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland  21202
410/576-4174
msmith@gfrlaw.com
410/576-4169
cbacharach@gfrlaw.com

Attorneys for Mid-Atlantic Permanente Medical
   Group, P.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of September, 2006, a copy of the foregoing Answer of Defendant, Mid-Atlantic Permanente Medical Group, P.C. was served electronically on James S. Bubar, Esq., 1776 K Street, NW, Suite 800, Washington, DC 20006.

_____/s/_____
Charles R. Bacharach

374079.1
9/1/2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEAN KEVIN LURIE, M.D. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:06CV01386 |
| MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C., ET AL | * | Judge: Royce C. Lamberth |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COUNTERCLAIM OF DEFENDANT,
MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C.**

Defendant, Mid-Atlantic Permanente Medical Group, P.C. ("MAPMG"), states as follows as a Counterclaim against Plaintiff, Dean Kevin Lurie, M.D. ("Lurie").

### PARTIES

1.  MAPMG is a professional corporation incorporated in the State of Maryland and with its principal place of business in Rockville, Maryland.

2.  Lurie is a citizen of the District of Columbia.

### JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §§ 1332 and 1367.

4.  This Court has personal jurisdiction over Lurie pursuant to D.C. Code § 13-422.

5.  This Court is a proper venue in this case pursuant to 28 U.S.C. § 1391 because Lurie resides in the District of Columbia.

## FACTS

6. MAPMG provides medical services in Maryland to participants in the Kaiser Foundation Health Plan of the Mid-Atlantic States ("the Health Plan").

7. From August 1988 until October 21, 2005, MAPMG employed Lurie as a staff physician who performed surgery for participants in the Health Plan.

8. While Lurie was employed in that capacity, MAPMG paid him compensation that included a salary, bonuses, and additional pay if he performed certain services outside his regularly scheduled hours.

9. During 2005, MAPMG determined that Lurie had submitted records and information showing that he had performed services that he had not actually performed or had not performed during the times shown.

10. Based upon those falsified records, MAPMG had paid Lurie compensation to which he was not rightfully entitled. For example, among other schemes, Lurie submitted records and information showing that he had worked certain hours at "ghost clinics" when no patients were seen or treated by him at that those times. MAPMG paid Lurie additional compensation to which he was not entitled for purportedly working at those ghost clinics.

## COUNT ONE
## (Breach of Contract)

11. MAPMG incorporates by reference the allegations in paragraphs 1 through 10.

12. Lurie breached the terms of his employment contract with MAPMG by submitting records and information showing that he had performed services that he had not actually performed or had not performed during the shifts shown.

375807.1
9/1/2006

13. Lurie's breach of his employment contract caused MAPMG to sustain consequential damages in the amount of the compensation that was paid to Lurie for purportedly performing those services.

### COUNT TWO
### (Fraud)

14. MAPMG incorporates by reference the allegations in paragraphs 1 through 13.

15. Lurie knowingly and intentionally submitted records and information to MAPMG that misrepresented that he had performed services that he had not actually performed or had not performed during the shifts shown.

16. Lurie submitted the falsified records and information with knowledge that MAPMG would rely upon it in paying compensation to him to which he was not rightfully entitled.

17. MAPMG relied upon the falsified records and information submitted by Lurie in paying him compensation to which he was not rightfully entitled.

18. Lurie's fraudulent conduct proximately caused MAPMG to sustain damages in the amount of compensation that was paid to him based upon the falsified records and information.

19. Lurie acted willfully, maliciously, intentionally, knowingly, and in wanton disregard for MAPMG'S rights and interests by submitting the falsified records and information.

### COUNT THREE
### (Negligent Misrepresentation)

20. MAPMG incorporates by reference the allegations in paragraphs 1 through 19.

21. Lurie had a duty to submit to MAPMG records and information that correctly showed the services performed by him and the shifts when he had performed those services.

22. Lurie violated that duty of due care by negligently submitting records and information to MAPMG that misrepresented that he had performed services that he had not actually performed or had not performed during the shifts shown.

23. Lurie knew or reasonably should have known that MAPMG would rely upon the incorrect records and information in paying compensation to him.

24. MAPMG relied upon the incorrect records and information submitted by Lurie in paying him compensation to which he was not rightfully entitled.

25. Lurie's negligent conduct directly and proximately caused MAPMG to sustain damage in the amount of compensation that was paid to him based upon the incorrect records and information.

## COUNT FOUR
### (Unjust Enrichment)

26. MAPMG incorporates by reference the allegations in paragraphs 1 through 25.

27. MAPMG has suffered harm and Lurie has been unjustly enriched as the direct and proximate result of his unlawful conduct as described in this Counterclaim.

WHEREFORE, MAPMG asks the Court to award MAPMG judgment against Lurie as follows:

1. Consequential and punitive damages in an amount to be proven at trial;

2. An accounting for all compensation received by Lurie based on the falsified records and information submitted to MAPMG;

3. The costs incurred by MAPMG in prosecuting this Counterclaim; and

4. Such other relief deemed appropriate by the Court.

Respectfully submitted,

_____/s/_____
R. Michael Smith (DC Bar #372654)

_____/s/_____
Charles R. Bacharach (DC Bar #448842)
Gordon, Feinblatt, Rothman,
  Hoffberger & Hollander, LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland 21202
410/576-4174
msmith@gfrlaw.com
410/576-4169
cbacharach@gfrlaw.com

Attorneys for Mid-Atlantic Permanente Medical
  Group, P.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of September, 2006, a copy of the foregoing Counterclaim of Defendant, Mid-Atlantic Permanente Medical Group, P.C. was served electronically on James S. Bubar, Esq., 1776 K Street, NW, Suite 800, Washington, DC 20006.

_____/s/_____
Charles R. Bacharach
