IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NORTHERN DIVISION

DEAN KEVIN LURIE, M.D.                          *

         Plaintiff,                              *

         v.                                          *     Civil Action No.:  1:06CV01386

MID-ATLANTIC PERMANENTE MEDICAL  *     Judge:  Royce C. Lamberth
GROUP, P.C., ET AL

                                 *

         Defendant.                              *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MOTION OF DEFENDANTS YANCY PHILLIPS, M.D. AND JACOB LUSTGARTEN, M.D. TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Yancy Phillips, M.D. and Jacob Lustgarten, M.D. move, pursuant to Fed. R. Civ.

Proc. 12(b)(2), to dismiss Plaintiff's claims against them for lack of personal jurisdiction.  Plaintiff

asserts a common law claim for interference with business against these individual Defendants arising

out of alleged events which occurred in Maryland.  Neither Defendant is a resident of the District, nor

maintains a principal place of business in the District.  Plaintiff alleges no facts in connection with this

action, or otherwise, sufficient to convey personal jurisdiction over the individual Defendants.

## CONCLUSION

For the foregoing reasons, and those more fully set forth in Defendants' memorandum in support

hereof, Defendants are entitled to an Order granting their motion to dismiss for lack of personal

jurisdiction.

Respectfully submitted,


_____/s/_____
R. Michael Smith (DC Bar #372654)


_____/s/_____
Charles R. Bacharach (DC Bar #448842)
Gordon, Feinblatt, Rothman,
    Hoffberger & Hollander, LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland  21202
410/576-4174
msmith@gfrlaw.com
410/576-4169
cbacharach@gfrlaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this *5th* day of September, 2006, a copy of the foregoing
Motion of Defendants Yancy Phillips, M.D. and Jacob Lustgarten, M.D. to Dismiss for Lack of Personal
Jurisdiction was served electronically on James S. Bubar, Esq., 1776 K Street, NW, Suite 800,
Washington, DC  20006.


_____/s/_____
Charles R. Bacharach

2

373239.1
9/5/2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NORTHERN DIVISION

DEAN KEVIN LURIE, M.D.                    *

         Plaintiff,                 *

        v.                                *        Civil Action No.:  1:06CV01386

MID-ATLANTIC PERMANENTE MEDICAL  *        Judge:  Royce C. Lamberth
GROUP, P.C., ET AL
                         *

        Defendant.                 *

                         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

     Upon consideration of the motion of defendants Yancy Phillips, M.D. and Jacob Lustgarten,

M.D. to dismiss for lack of personal jurisdiction, and the opposition thereto, if any, it is hereby:

     ORDERED, that the Motion be and the same hereby is GRANTED, and it is;

     FURTHER ORDERED, that all claims against Defendants Yancy Phillips, M.D. and Jacob

Lustgarten, M.D. are dismissed.


                          _____
                          Judge Royce C. Lamberth
                          United States District Court Judge

Serve on:

James S. Bubar, Esq.
1776 K Street, N.W.
Washington, D.C.  20006

R. Michael Smith, Esq.
Charles R. Bacharach, Esq.
Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, MD 21202-3332

373248.1
8/31/2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NORTHERN DIVISION

DEAN KEVIN LURIE, M.D.                    *

           Plaintiff,                    *

           v.                              *    Civil Action No.:  1:06CV01386

MID-ATLANTIC PERMANENTE MEDICAL  *    Judge:  Royce C. Lamberth
GROUP, P.C., ET AL
                                       *
           Defendant.                   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS, YANCY PHILLIPS, M.D. AND JACOB LUSTGARTEN, M.D., TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants, Yancy Phillips, M.D. ("Dr. Phillips") and Jacob Lustgarten, M.D. ("Dr.

Lustgarten"), move pursuant to Fed. R. Civ. Proc. 12(b)(2) to dismiss Plaintiff's claims against them for

lack of personal jurisdiction for the reasons set forth below.[1]

### INTRODUCTION

A.      **The Parties**

Defendant, Mid-Atlantic Permanent Medical Group, P.C. ("MAPMG"), is a Maryland

Professional Corporation with its principal place of business in Rockville, Maryland.  MAPMG employs

physicians who provide medical services to the patient members of the Kaiser Foundation Health Plan

of the Mid-Atlantic States ("the Health Plan").  (Affidavit of Yancy Phillips, M.D., hereinafter "Phillips

Aff.," at ¶2).

---

[1]  Defendant, Behdad Aryavand, M.D. ("Dr. Aryavand"), had not been served with the Summons and Complaint as of the date of this motion.  If and when service is made, Dr. Aryavand will also move to dismiss Plaintiff's claim against him for lack of personal jurisdiction.

Dr. Phillips serves as MAPMG's Senior Associate Medical Director of Operations and has his office in MAPMG's Rockville, Maryland headquarters. Phillips resides in Virginia. (Phillips Aff. at ¶¶2-3 and Complaint at ¶7).

Dr. Lustgarten resides in Maryland and is employed as a surgeon on a full-time basis by MAPMG. (Affidavit of Jacob Lustgarten at ¶¶2-3 and Complaint at ¶¶ 8-9)

Plaintiff, also a physician, is a former employee of MAPMG. Plaintiff alleges that he: (1) began working for MAPMG in 1988; (2) worked for MAPMG in the District of Columbia until June 2003 when he was reassigned to a new office location in Prince George's County, Maryland; and (3) was terminated from his employment in October 2005 for falsifying time records. (Complaint at ¶¶10, 15(c), and 16)

## B.     The Litigation

Plaintiff now asserts various claims arising out of the termination of his employment by MAPMG. Drs. Phillips and Lustgarten are named as defendants only in Count VI, which purports to assert a common law claim for interference with business and unfair competition.[2] In essence, Plaintiff alleges that MAPMG and Drs. Phillips and Lustgarten interfered with his attempts to operate a medical practice by refusing to permit him to participate in the Health Plan's outside "provider network." (Complaint at ¶¶4, 19 and Count VI)

Leaving aside for the moment the merits of Plaintiff's claim, it is undisputed that all of the events constituting the alleged "interference with business and unfair competition" took place after Plaintiff's termination and occurred in Maryland. Indeed, the only claim of "interference" Plaintiff has raised with Defendants occurred entirely at Holy Cross Hospital in Silver Spring, Maryland. (Phillips' Aff. at ¶5).

---

[2]  Count VI is also the only count that names Dr. Aryavand as a Defendant.

Defendants are unaware of any "interference" alleged to have taken place in the District of Columbia and Plaintiff makes no allegation whatsoever concerning any conduct by Defendants in the District of Columbia.

For the reasons set forth below, Drs. Phillips and Lustgarten are not subject to personal jurisdiction in this Court with respect to the claim alleged by Plaintiff and their motion to dismiss must be granted.

## ARGUMENT

### A.    Plaintiff's Jurisdictional Allegations

Plaintiff alleges that personal jurisdiction over Defendants for his common law interference claim exists pursuant to D.C. Code §13-423, the District of Columbia Long Arm Statute. (Complaint at ¶1).[3] Nevertheless, Plaintiff fails to allege even a single act taken by Drs. Phillips and Lustgarten in the District of Columbia.

### B.    Drs. Phillips And Lustgarten Are Not Subject To Personal Jurisdiction Under The Long-Arm Statute

Where the Plaintiff fails to allege any jurisdictional facts, general jurisdiction cannot be found to exist. *Richard v. Bell Atlantic Corp., Inc.,* 976 F.Supp. 40, 49 (D. D.C. 1997) (court lacks personal jurisdiction where plaintiff pleads no allegations regarding the residence or principal place of business of an individual defendant); *Pollack v. Meese,* 737 F. Supp. 663, 665 (D. D.C. 1990) (where individual defendants neither reside nor maintain a principal place of business in the District of Columbia, no general jurisdiction under D.C. Code § 13-422 exists).

---

[3] Plaintiff also cites D.C. Code §11-921, but that section deals only with the jurisdiction of the Superior Court for the District of Columbia.

372591.1
8/31/2006

Plaintiff admits that Drs. Phillips and Lustgarten are not residents of the District of Columbia. (Complaint at ¶¶7-9). And, while Plaintiff asserts that Drs. Phillips and Lustgarten "practice medicine" in Maryland and the District of Columbia (Complaint at ¶¶7-9), Plaintiff does not allege that the District is their "principal place of business," as he must to establish general jurisdiction over those Defendants under D.C. Code §13-422.[4]

Lacking any facts to support general jurisdiction over Drs. Phillips and Lustgarten, Plaintiff relies instead upon the Long-Arm Statute. (Complaint at ¶1). *See, Meyer v. Federal Bureau of Prisons*, 929 F.Supp. 10, 13 (D.D.C. 1996) ("The District of Columbia long-arm statute, D.C.Code §13-423, is the only basis upon which personal jurisdiction may be obtained over defendants who do not reside within or maintain a principal place of business in the District of Columbia."); *Dickson v. U.S.*, 831 F.Supp. 893, 897 (D. D.C. 1993) ("[w]here there is no indication that a defendant resides in the District, this statute provides the only means through which a district court may obtain personal jurisdiction over a defendant").

Plaintiff's attempt to establish personal jurisdiction over Drs. Phillips and Lustgarten using the Long-Arm Statute faces two insurmountable hurdles. First, Plaintiff must show that the interference claim alleged in Count VI arises out of the same facts which establish the contacts of Drs. Phillips and Lustgarten with the District of Columbia. Second, Plaintiff must also show that the acts upon which jurisdiction is based involved actions by those Defendants taken in their individual, not corporate, capacities. Plaintiff can do neither.

---

[4] While Defendant Lustgarten is licensed and practices in both Maryland and the District of Columbia, Defendant Phillips is not licensed in and does not practice in the District of Columbia. (See Affidavits of Lustgarten at ¶¶4-5 and Phillips at ¶4).

372591.1
8/31/2006

1.    **Plaintiff Has Not Alleged That The Jurisdictional Contacts Of Drs. Phillips And Lustgarten Arise From The Same Conduct That Gives Rise To His Claim Against Them.**

The D.C. Long-Arm Statute (D.C. Code § 13-423) provides that the Court may exercise jurisdiction over a person who engages in certain specified conduct.  Moreover, subsection (b) of that statute makes clear that "[w]hen jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him."  D.C. Code §13-423(b).

This Court has interpreted section 13-423(b) as limiting the application of the Long-Arm Statute to those cases where the defendant's jurisdictional contacts arise from the same conduct that gives rise to the plaintiff's claim:

> Because a court in the District may exercise jurisdiction over a non-resident defendant "only [for] a claim for relief arising from the specific acts enumerated in [the statute].   .  ." D.C. Code §13-423(b), plaintiff's jurisdictional allegations must arise from the same conduct of which the plaintiff complains.  [Citations omitted].

*Comsat Corp. v. Finshipyards S.A.M.*, 900 F. Supp. 515, 520 (D. D.C. 1995).  *See also, Pollack,* 737 F.Supp. at 666, *quoting, Willis v. Willis,* 655 F.2d 1333, 1336 (D.C. Cir. 1981)("Thus, 'section 423(b) … bar[s] … claims unrelated to the acts forming the basis for personal jurisdiction.'") (ellipses and brackets in original).   In attempting to satisfy that burden of establishing personal jurisdiction "a plaintiff may not rest on bare allegations or conclusory statements alone and must make at least a *prima facie* showing if it is to avoid dismissal for want of jurisdiction." *Novak-Canzeri v. Saud*, 864 F. Supp. 203 (D. D.C. 1994).

Plaintiff has plainly failed to satisfy the burden with respect to his claim against Drs. Phillips and Lustgarten.  Indeed, Plaintiff does not identify any action taken by those Defendants in the District of

5

Columbia, much less an action directed at interfering with his business. Thus, Plaintiff fails to carry his

burden of establishing jurisdiction under the Long-Arm Statute.

> **2.      Plaintiff Alleges No Facts Showing That Drs. Phillips And Lustgarten Took
> Any Action In Their Individual Capacities**

This Court has held that jurisdiction does not exist over an individual officer of a corporation

simply because the Court has personal jurisdiction over that entity:

> It is true that a court does not have jurisdiction over individual officers and
> employees of a corporation just because the court has jurisdiction over the
> corporation. *See Quinto v. Legal Times*, 506 F. Supp. 554, 558 (D. D.C.
> 1981). Personal jurisdiction over the employees or officers of a
> corporation in their individual capacities must be based on their personal
> contacts with the form and not their acts and contacts carried out solely in
> a corporate capacity. Thus, the corporation ordinarily insulates the
> individual employee from the court's personal jurisdiction.

*Wiggins v. Equifax, Inc.*, 853 F. Supp. 500, 503 (D. D.C. 1994)(Lamberth, J.).

In *Wiggins,* this Court ruled that it could not exercise personal jurisdiction over two supervisors

of the corporate defendant who allegedly directed their subordinates to engage in harmful conduct in the

District. The Court held that the individual defendants had not been "doing business" within the District

of Columbia within the meaning of the Long-Arm Statute:

> They are merely employees of a company that has contacts with the
> District. These acts, carried out within the scope of their employment, do
> not create sufficient contacts to establish personal jurisdiction. The fact
> that Lowitz and Shaw may have acted in a supervisory capacity over
> persons with contacts with the District also fails to create personal
> jurisdiction. [footnote omitted]. Insofar as the complaint attempts to
> establish personal jurisdiction over defendants Lowitz and Shaw as
> employees of ESI, plaintiff fails to establish personal jurisdiction.

*Id.*

The District of Columbia Court of Appeals reached a similar conclusion in *Flocco v. State Farm*

*Mut. Auto. Ins. Co.,* 752 A.2d 147 (D.C. 2000), in which the court declined to exercise personal

6

jurisdiction under the Long-Arm Statute based on acts taken in the District by subordinates at the direction of the individual defendants. The court held:

> [J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him.... Each defendant's contacts with the forum State must be assessed individually.... The requirements of *International Shoe [Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)] must be met as to each defendant over whom a state court exercises jurisdiction.

*Id.* at 162, *quoting, Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 n. 13, (1984). Because the individual defendants' contacts with the District were committed within the scope of their employment, the court found that the conduct could not be imputed to them for the purposes of establishing personal jurisdiction.

Similarly, the fact that Dr. Phillips does, on rare occasions, travel to the District as part of his duties as an employee of MAPMG and supervises employees who have contacts there, or that Dr. Lustgarden performs services in the District as an employee of MAPMG, does not confer personal jurisdiction over them. *See also, Overseas Partners, Inc. v. Progen Musavirlik Ve Yonetim Hismetleri, Ltd.*, 15 F. Supp. 2d 47, 51 (D. D.C. 1998) (granting individual corporate officers' motion to dismiss because personal jurisdiction over officers of a corporation in their individual capacities must be based on their **personal** contacts with the forum, not acts carried out solely in their corporate capacity); *Richard v. Bell Atlantic Corp., Inc.,* 976 F. Supp. 40, 49-51 (D. D.C. 1997) (jurisdictional facts involving individual defendants' duties for corporate defendant are insufficient to establish personal jurisdiction over them); *American Ass'n of Cruise Passengers v. Cunard Line, Ltd.,* 691 F. Supp. 379, 380 (D. D.C. 1987) (where all of individual defendant's contacts with the District were undertaken in a representational capacity, and no independent acts by the defendant were alleged, personal jurisdiction was lacking).

7

## CONCLUSION

For the foregoing reasons, the motion to dismiss of Drs. Phillips and Lustgarten for lack of personal jurisdiction should be granted.

Respectfully submitted,

_____/s/_____
R. Michael Smith (DC Bar #372654)

_____/s/_____
Charles R. Bacharach (DC Bar #448842)
Gordon, Feinblatt, Rothman,
    Hoffberger & Hollander, LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland  21202
410/576-4174
msmith@gfrlaw.com
410/576-4169
cbacharach@gfrlaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ⁵ᵗʰ day of September, 2006, a copy of the foregoing Memorandum in Support of Motion to Dismiss Defendants Yancy Phillips, M.D. and Jacob Lustgarten, M.D. to Dismiss for Lack of Personal Jurisdiction was served electronically on James S. Bubar, Esq., 1776 K Street, NW, Suite 800, Washington, DC  20006.

_____/s/_____
Charles R. Bacharach

8

372591.1
8/31/2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NORTHERN DIVISION

DEAN KEVIN LURIE, M.D.                    *

          Plaintiff,                    *

          v.                    *    Civil Action No.:  1:06CV01386

MID-ATLANTIC PERMANENTE MEDICAL  *    Judge:  Royce C. Lamberth
GROUP, P.C., ET AL
                                 *

          Defendant.                    *

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## AFFIDAVIT OF YANCY PHILLIPS, M.D.

    1.      I am over eighteen (18) years of age and competent to testify, on personal

knowledge, as to the matters set forth herein.

    2.      I am a physician and am the Senior Associate Medical Director of Operations for

the Mid-Atlantic Permanente Medical Group, P.C. ("MAPMG").  MAPMG employs physicians

who provide medical services to the patient members of the Kaiser Foundation Health Plan of

the Mid-Atlantic States.

    3.      I am a citizen and resident of Virginia.  I neither reside in, nor maintain a

principal place of business in the District of Columbia.  In addition, I am not licensed to practice

medicine in the District of Columbia.  I maintain my office at MAPMG's headquarters in

Rockville, Maryland.

    4.      On occasion I travel to the District of Columbia to perform services in my

capacity as an officer and employee of MAPMG.  I do not perform any work in the District of

Columbia in my individual capacity.

374762.1
8/31/2006

5.     The only complaint by Dr. Kevin Lurie concerning MAPMG's alleged "interference" with his medical practice of which I am aware, concerns events that took place at Holy Cross Hospital in Silver Spring, Maryland.

I AFFIRM, under penalty of perjury that the forgoing is true and correct.

Dated: August __30__, 2006.

Yancy Phillips, M.D.

374762.1
8/30/2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NORTHERN DIVISION

DEAN KEVIN LURIE, M.D.                            *

                  Plaintiff,                      *

        v.                                        *        Civil Action No.:  1:06CV01386

MID-ATLANTIC PERMANENTE MEDICAL                   *        Judge: Royce C. Lamberth
GROUP, P.C., ET AL

                  Defendant.                      *

                                                  *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

### AFFIDAVIT OF JACOB LUSTGARTEN, M.D.

        1.      I am over eighteen (18) years of age and competent to testify, on personal
knowledge, as to the matters set forth herein.

        2.      I am a physician employed by the Mid-Atlantic Permanente Medical
Group, P.C. ("MAPMG).

        3.      I am a citizen and resident of Maryland.  I neither reside in, nor maintain a
principal place of business in the District of Columbia.

        4.      I provide medical services to patients in the District of Columbia only as
an employee of MAPMG headquartered in Rockville, Maryland.

        5.      I do not provide medical services or perform work of any kind in the
District of Columbia in my individual capacity.

        I AFFIRM, under penalty of perjury that the forgoing is true and correct.

Dated: August  30 , 2006.

                                        Jacob Lustgarten, M.D.

374763.1
8/30/2006