IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEAN KEVIN LURIE, M.D. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:06CV01386 |
| MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C., ET AL. | * | Judge: Royce C. Lamberth |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION OF DEFENDANT BEHDAD ARYAVAND, M.D.
TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, OR, IN THE ALTERNATIVE, FOR MOOTNESS**

Defendant Behdad Aryavand, M.D. moves, pursuant to Fed. R. Civ. Proc. 12(b)(2), to dismiss Plaintiff's claims against him for lack of personal jurisdiction or, in the alternative, because the claim against him is moot. Plaintiff asserts a common law claim for interference with business against Dr. Aryavand arising out of events which allegedly occurred in Maryland. Dr. Aryavand is not a resident of the District, nor does he maintain a principal place of business in the District. Plaintiff alleges no facts in connection with this action, or otherwise, sufficient to convey personal jurisdiction over Dr. Aryavand. In addition, Plaintiff seeks only injunctive relief with respect to Dr. Aryavand's actions on behalf of Defendant Mid-Atlantic Permanente Medical Group, P.C. ("MAPMG"). Because Dr. Aryavand no longer works for MAPMG, the claim for injunctive relief is moot and should be dismissed.

382232.1
9/21/2006

## CONCLUSION

For the foregoing reasons, and as more fully set forth in Dr. Aryavand's memorandum in support hereof, Dr. Aryavand is entitled to an Order granting his motion to dismiss for lack of personal jurisdiction and/or mootness.

Respectfully submitted,

_____/s/_____
R. Michael Smith (DC Bar #372654)

_____/s/_____
Charles R. Bacharach (DC Bar #448842)
Gordon, Feinblatt, Rothman,
   Hoffberger & Hollander, LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland  21202
410/576-4174
msmith@gfrlaw.com
410/576-4169
cbacharach@gfrlaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of September, 2006, a copy of the foregoing Motion of Defendant Behdad Aryavand, M.D. to Dismiss for Lack of Personal Jurisdiction, Or, In The Alternative, For Mootness was served electronically on James S. Bubar, Esq., 1776 K Street, NW, Suite 800, Washington, DC  20006.

_____/s/_____
Charles R. Bacharach

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEAN KEVIN LURIE, M.D. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:06CV01386 |
| MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C., ET AL. | * | Judge: Royce C. Lamberth |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT BEHDAD ARYAVAND, M.D.'s**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, Behdad Aryavand, M.D. ("Dr. Aryavand") moves pursuant to Fed. R. Civ. Proc. 12(b)(2) to dismiss Plaintiff's claims against him for lack of personal jurisdiction or, in the alternative, for mootness for the reasons set forth below.

**INTRODUCTION**

A.   **The Parties**

Defendant, Mid-Atlantic Permanent Medical Group, P.C. ("MAPMG"), is a Maryland Professional Corporation with its principal place of business in Rockville, Maryland. MAPMG employs physicians who provide medical services to the patient members of the Kaiser Foundation Health Plan of the Mid-Atlantic States ("the Health Plan"). (Affidavit of Yancy Phillips, M.D., hereinafter "Phillips Aff.," attached hereto as Exhibit 1, at ¶2).

Dr. Aryavand is a citizen and resident of Virginia. (Affidavit of Behdad Aryavand attached hereto as Exhibit 2, at ¶¶ 2-3 and Complaint at ¶ 3). He was formerly employed as a

surgeon by MAPMG, but terminated his employment relationship with the group on August 28, 2006. (Aryavand Aff. at ¶4.) Dr. Aryavand neither resides in, nor maintains a principal place of business in the District of Columbia. (Aryavand Aff. at ¶ 3). While employed by MAPMG, Dr. Aryavand provided medical services to patients in the District of Columbia *only* as an employee of MAPMG, not in his individual capacity. (Aryavand Aff. at ¶ 4). He is presently employed as a physician in Virginia and does not provide any medical services to patients in the District of Columbia. (Aryavand Aff. at ¶ 5).

Plaintiff, also a physician, is a former employee of MAPMG. Plaintiff alleges that he: (1) began working for MAPMG in 1988; (2) worked for MAPMG in the District of Columbia until June 2003 when he was reassigned to a new office location in Prince George's County, Maryland; and (3) was terminated from his employment in October 2005 for falsifying time records. (Complaint at ¶¶10, 15(c), and 16).

### B.    The Litigation

Plaintiff now asserts various claims arising out of the termination of his employment by MAPMG. Dr. Aryavand is named as a defendant only in Count VI, which purports to assert a common law claim for interference with business and unfair competition.[1] In essence, Plaintiff alleges that MAPMG and Drs. Aryavand, Phillips and Lustgarten interfered with his attempts to operate a medical practice by refusing to permit him to participate in the Health Plan's outside "provider network." (Complaint at ¶¶4, 19 and Count VI). In his prayer for relief, Plaintiff seeks unspecified injunctive relief against Dr. Aryavand. (Complaint at ¶49).

---

[1] Count VI is also the only count that names the other individual Defendants, Yancy Phillips, M.D. and Jacob Lustgarden, M.D., both of whom previously filed a motion to dismiss for lack of personal jurisdiction.

Leaving aside for the moment the merits of Plaintiff's claim, it is undisputed that all of the events constituting the alleged "interference with business and unfair competition" took place after Plaintiff's termination and occurred in Maryland. Indeed, the only claim of "interference" Plaintiff has raised with Defendants occurred entirely at Holy Cross Hospital in Silver Spring, Maryland. (Phillips' Aff. at ¶5). Defendants are unaware of any "interference" alleged to have taken place in the District of Columbia and Plaintiff makes no allegation whatsoever concerning any conduct by Defendants in the District of Columbia. In addition, Plaintiff seeks only injunctive relief with respect to Dr. Aryavand's actions as an employee of MAPMG. As Dr. Aryavand is no longer employed by MAPMG, Plaintiff's request for relief is moot.

For the reasons set forth below, Dr. Aryavand is not subject to personal jurisdiction in this Court and Plaintiff's claim for relief against Dr. Aryavand is moot.

## ARGUMENT

I. **PLAINTIFF'S CLAIM AGAINST DR. ARYAVAND SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

   A. **Plaintiff's Jurisdictional Allegations**

Plaintiff alleges that personal jurisdiction over Dr. Aryavand for his common law interference claim exists pursuant to D.C. Code §13-423, the District of Columbia Long Arm Statute. (Complaint at ¶1).[2] Nevertheless, Plaintiff fails to allege even a single act taken by Dr. Aryavand in the District of Columbia.

---

[2] Plaintiff also cites D.C. Code §11-921, but that section deals only with the jurisdiction of the Superior Court for the District of Columbia.

3

382202.1
9/21/2006

**B.    Dr. Aryavand Is Not Subject To Personal Jurisdiction Under The Long-Arm Statute**

Where the Plaintiff fails to allege any jurisdictional facts, general jurisdiction cannot be found to exist. *Richard v. Bell Atlantic Corp., Inc.,* 976 F.Supp. 40, 49 (D. D.C. 1997) (court lacks personal jurisdiction where plaintiff pleads no allegations regarding the residence or principal place of business of an individual defendant); *Pollack v. Meese,* 737 F. Supp. 663, 665 (D. D.C. 1990) (where individual defendants neither reside nor maintain a principal place of business in the District of Columbia, no general jurisdiction under D.C. Code § 13-422 exists).

Plaintiff admits that Dr. Aryavand is not a resident of the District of Columbia. (Complaint at ¶8). And, while Plaintiff asserts that Dr. Aryavand "practice[s] medicine" in Maryland and the District of Columbia (Complaint at ¶8), Plaintiff does not allege that the District is Dr. Aryavand's "principal place of business," as he must to establish general jurisdiction over Dr. Aryavand under D.C. Code §13-422.

Lacking any facts to support general jurisdiction over Dr. Aryavand, Plaintiff relies instead upon the Long-Arm Statute. (Complaint at ¶1). *See, Meyer v. Federal Bureau of Prisons,* 929 F.Supp. 10, 13 (D.D.C. 1996) ("The District of Columbia long-arm statute, D.C.Code §13-423, is the only basis upon which personal jurisdiction may be obtained over defendants who do not reside within or maintain a principal place of business in the District of Columbia."); *Dickson v. U.S.,* 831 F.Supp. 893, 897 (D. D.C. 1993) ("[w]here there is no indication that a defendant resides in the District, this statute provides the only means through which a district court may obtain personal jurisdiction over a defendant").

Plaintiff's attempt to establish personal jurisdiction over Dr. Aryavand using the Long-Arm Statute faces two insurmountable hurdles. First, Plaintiff must show that the interference

4

claim alleged in Count VI arises out of the same facts which establish Dr. Aryavand's contacts with the District of Columbia. Second, Plaintiff must also show that the acts upon which jurisdiction is based involved actions by Dr. Aryavand taken in his individual, not corporate, capacity. Plaintiff can do neither.

        1. **Plaintiff Has Not Alleged That The Jurisdictional Contacts Of Dr. Aryavand Arise From The Same Conduct That Gives Rise To His Claim In Count VI.**

The D.C. Long-Arm Statute (D.C. Code § 13-423) provides that the Court may exercise jurisdiction over a person who engages in certain specified conduct. Subsection (b) of that statute makes clear that "[w]hen jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him." D.C. Code §13-423(b).

This Court has interpreted section 13-423(b) as limiting the application of the Long-Arm Statute to those cases where the defendant's jurisdictional contacts arise from the same conduct that gives rise to the plaintiff's claim:

> Because a court in the District may exercise jurisdiction over a non-resident defendant "only [for] a claim for relief arising from the specific acts enumerated in [the statute]. . ." D.C. Code §13-423(b), plaintiff's jurisdictional allegations must arise from the same conduct of which the plaintiff complains. [Citations omitted].

*Comsat Corp. v. Finshipyards S.A.M.*, 900 F. Supp. 515, 520 (D. D.C. 1995). *See also, Pollack*, 737 F.Supp. at 666, *quoting, Willis v. Willis,* 655 F.2d 1333, 1336 (D.C. Cir. 1981)("Thus, 'section 423(b) … bar[s] … claims unrelated to the acts forming the basis for personal jurisdiction.'") (ellipses and brackets in original). In attempting to satisfy that burden of establishing personal jurisdiction "a plaintiff may not rest on bare allegations or conclusory

5

statements alone and must make at least a *prima facie* showing if it is to avoid dismissal for want of jurisdiction." *Novak-Canzeri v. Saud*, 864 F. Supp. 203 (D. D.C. 1994).

Plaintiff has plainly failed to satisfy the burden with respect to his claim against Dr. Aryavand. Indeed, Plaintiff does not identify any action taken by Dr. Aryavand in the District of Columbia, much less an action directed at interfering with Plaintiff's business. Thus, Plaintiff cannot establish jurisdiction over Dr. Aryavand under the Long-Arm Statute.

### 2. Plaintiff Alleges No Facts Showing That Dr. Aryavand Took Any Action In His Individual Capacity.

This Court has held that jurisdiction does not exist over an individual officer of a corporation simply because the Court has personal jurisdiction over that entity:

> It is true that a court does not have jurisdiction over individual officers and employees of a corporation just because the court has jurisdiction over the corporation. *See Quinto v. Legal Times*, 506 F. Supp. 554, 558 (D. D.C. 1981). Personal jurisdiction over the employees or officers of a corporation in their individual capacities must be based on their personal contacts with the form and not their acts and contacts carried out solely in a corporate capacity. Thus, the corporation ordinarily insulates the individual employee from the court's personal jurisdiction.

*Wiggins v. Equifax, Inc.*, 853 F. Supp. 500, 503 (D. D.C. 1994)(Lamberth, J.).

In *Wiggins,* this Court ruled that it could not exercise personal jurisdiction over two supervisors of the corporate defendant who allegedly directed their subordinates to engage in harmful conduct in the District. The Court held that the individual defendants had not been "doing business" within the District of Columbia within the meaning of the Long-Arm Statute:

> They are merely employees of a company that has contacts with the District. These acts, carried out within the scope of their employment, do not create sufficient contacts to establish personal jurisdiction. The fact that Lowitz and Shaw may have acted in a supervisory capacity over persons with contacts with the District

> also fails to create personal jurisdiction. [footnote omitted].
> Insofar as the complaint attempts to establish personal jurisdiction
> over defendants Lowitz and Shaw as employees of ESI, plaintiff
> fails to establish personal jurisdiction.

*Id.*

The District of Columbia Court of Appeals reached a similar conclusion in *Flocco v. State Farm Mut. Auto. Ins. Co.*, 752 A.2d 147 (D.C. 2000), in which the court declined to exercise personal jurisdiction under the Long-Arm Statute based on acts taken in the District by subordinates at the direction of the individual defendants. The court held:

> [J]urisdiction over an employee does not automatically follow
> from jurisdiction over the corporation which employs him.... Each
> defendant's contacts with the forum State must be assessed
> individually.... The requirements of *International Shoe [Co. v.
> State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95
> (1945)] must be met as to each defendant over whom a state court
> exercises jurisdiction.

*Id.* at 162, *quoting, Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n. 13, (1984). Because the individual defendants' contacts with the District were committed within the scope of their employment, the court found that the conduct could not be imputed to them for the purposes of establishing personal jurisdiction.

Similarly, the fact that Dr. Aryavand performed services in the District as an employee of MAPMG, does not confer personal jurisdiction over him. *See also, Overseas Partners, Inc. v. Progen Musavirlik Ve Yonetim Hismetleri, Ltd.*, 15 F. Supp. 2d 47, 51 (D. D.C. 1998) (granting individual corporate officers' motion to dismiss because personal jurisdiction over officers of a corporation in their individual capacities must be based on their **personal** contacts with the forum, not acts carried out solely in their corporate capacity); *Richard v. Bell Atlantic Corp., Inc.*, 976 F. Supp. 40, 49-51 (D. D.C. 1997) (jurisdictional facts involving individual

defendants' duties for corporate defendant are insufficient to establish personal jurisdiction over them); *American Ass'n of Cruise Passengers v. Cunard Line, Ltd.,* 691 F. Supp. 379, 380 (D. D.C. 1987) (where all of individual defendant's contacts with the District were undertaken in a representational capacity, and no independent acts by the defendant were alleged, personal jurisdiction was lacking).

II.     **THE CLAIMS AGAINST DR. ARYAVAND SHOULD BE DISMISSED AS MOOT.**

The only relief Plaintiff specifically seeks against Dr. Aryavand is injunctive relief prohibiting him from interfering with Plaintiff's practice of medicine. Complaint at ¶49(c). Dr. Aryavand is no longer employed by MAPMG. (Aryavand Aff. at ¶ 2). Accordingly, he has no control over whether or not MAPMG allows Plaintiff to participate in its provider network and the injunctive relief sought by Plaintiff against Dr. Aryavand is moot.

Mootness is a matter which goes to the jurisdiction of the Court. *Liu v. I.N.S.*, 274 F.3d 533, 535 (D.C. Cir. 2001) ("mootness goes to our jurisdiction.") "[A] case is moot if 'there is no reasonable expectation that the wrong will be repeated.'" *Grano v. Barry*, 733 F.2d 164, 167 (D.C. Cir. 1984), *quoting, United States v. W.T. Grant Co.*, 345 U.S. 629 (1953). Because Dr. Aryavand no longer works for MAPMG and is no longer in a position to even arguable affect MAPMG's actions with regard to Plaintiff and his participation in the Health Plan's outside provider network, the injunctive relief sought against Dr. Aryavand cannot be granted. Accordingly, the case against him is moot and must be dismissed. *See, Blackburn v. Goodwin*, 608 F.2d 919, 920-26 (2d Cir. 1979) (claim against FBI official dismissed as moot when official was no longer in same position and therefore could not comply with relief requested from court.)

## CONCLUSION

For the foregoing reasons, the motion to dismiss of Dr. Aryavand for lack of personal jurisdiction or, in the alternative, for mootness, should be granted.

Respectfully submitted,

_____/s/_____
R. Michael Smith (DC Bar #372654)

_____/s/_____
Charles R. Bacharach (DC Bar #448842)
Gordon, Feinblatt, Rothman,
   Hoffberger & Hollander, LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland 21202
410/576-4174

msmith@gfrlaw.com
410/576-4169
cbacharach@gfrlaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of September, 2006, a copy of the foregoing Defendant Behdad Aryavand, M.D.'s Memorandum in Support of Motion to Dismiss was served electronically on James S. Bubar, Esq., 1776 K Street, NW, Suite 800, Washington, DC 20006.

_____/s/_____
Charles R. Bacharach

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEAN KEVIN LURIE, M.D. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:06CV01386 |
| MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C., ET AL | * | Judge: Royce C. Lamberth |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF YANCY PHILLIPS, M.D.

1. I am over eighteen (18) years of age and competent to testify, on personal knowledge, as to the matters set forth herein.

2. I am a physician and am the Senior Associate Medical Director of Operations for the Mid-Atlantic Permanente Medical Group, P.C. ("MAPMG"). MAPMG employs physicians who provide medical services to the patient members of the Kaiser Foundation Health Plan of the Mid-Atlantic States.

3. I am a citizen and resident of Virginia. I neither reside in, nor maintain a principal place of business in the District of Columbia. In addition, I am not licensed to practice medicine in the District of Columbia. I maintain my office at MAPMG's headquarters in Rockville, Maryland.

4. On occasion I travel to the District of Columbia to perform services in my capacity as an officer and employee of MAPMG. I do not perform any work in the District of Columbia in my individual capacity.

*Exhibit 1*

374762.1
8/31/2006

5. The only complaint by Dr. Kevin Lurie concerning MAPMG's alleged "interference" with his medical practice of which I am aware, concerns events that took place at Holy Cross Hospital in Silver Spring, Maryland.

I AFFIRM, under penalty of perjury that the forgoing is true and correct.

Dated: August 30, 2006.

_____
Yancy Phillips, M.D.

2

374762.1
8/30/2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEAN KEVIN LURIE, M.D. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:06CV01886 |
| MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C., ET AL | * | Judge: Royce C. Lamberth |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF BEHDAD ARYAVAND, M.D.

1. I am over eighteen (18) years of age and competent to testify, on personal knowledge, as to the matters set forth herein.

2. I am a physician and was formerly employed by the Mid-Atlantic Permanente Medical Group, P.C. ("MAPMG"). My employment with MAPMG ended on August 28, 2006.

3. I am a citizen and resident of Virginia. I neither reside in, nor maintain a principal place of business in the District of Columbia.

4. While employed by MAPMG, I provided medical services to patients in the District of Columbia as an employee of MAPMG. I did not provide medical services or perform work of any kind in the District of Columbia in my individual capacity.

5. I am presently employed as a physician in Virginia. I do not provide any medical services to patients in the District of Columbia in connection with my present job.

I AFFIRM, under penalty of perjury that the forgoing is true and correct.

Dated: September 19, 2006

Behdad Aryavand, M.D.

*Exhibit 2*

382192.1
9/18/2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEAN KEVIN LURIE, M.D. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:06CV01386 |
| MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C., ET AL. | * | Judge: Royce C. Lamberth |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of the motion of defendant Behdad Aryavand, M.D. to dismiss for lack of personal jurisdiction, or, in the alternative, for mootness, and the opposition thereto, if any, it is hereby:

ORDERED, that the Motion be and the same hereby is GRANTED, and it is;

FURTHER ORDERED, that all claims against Defendant Behdad Aryavand, M.D. are dismissed.

                                                    Judge Royce C. Lamberth
                                                    United States District Court Judge

Serve on:

James S. Bubar, Esq.
1776 K Street, N.W.
Washington, D.C. 20006

R. Michael Smith, Esq.
Charles R. Bacharach, Esq.
Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, MD 21202-3332

382237.1
9/21/2006