UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| DEAN KEVIN LURIE, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:06CV01386 |
| ) | Judge Royce C. Lamberth |
| ) | |
| MID-ATLANTIC PERMANENTE ) | |
| MEDICAL GROUP, P.C. (MAPMG) ) | |
| D/B/A KAISER PERMANENTE ) | |
| ("KAISER"), ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

<u>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS</u>

Plaintiff Dean Kevin Lurie, M.D. ("Plaintiff"), by and through his counsel, submits this memorandum of points and authorities in opposition to the "Motion of Defendants Yancey Phillips, M.D. and Jacob Lustgarten, M.D. to Dismiss for Lack of Personal Jurisdiction" and the "Motion of Defendant Behdad Aryavand, M.D. to Dismiss for Lack of Personal Jurisdiction, or, In the Alternative, For Mootness" (the "Motions").

<u>NATURE OF THE CASE</u>

This matter was filed on August 6, 2006. Plaintiff seeks monetary damages for employment discrimination, wrongful termination and breach of contract after being improperly discharged from Defendant Kaiser after more than 17 years. He also seeks damages and injunctive relief against Defendant Kaiser and individual Defendant Drs. Phillips, Aryavand and Lustgarten for interference with business and unfair competition.

On September 5, 2006, Defendant Kaiser filed an Answer and Counterclaim, and Defendants

Phillips and Lustgarten filed a Motion to Dismiss.  Defendant Dr. Aryavand filed a Motion to Dismiss on September 21, 2006.  Defendants would argue that they maintain no minimum contacts with the District of Columbia and their acts were solely on behalf of Kaiser in Maryland.  On the contrary, Plaintiff would argue that the individuals have sufficient contacts with the District of Columbia to allow this Court proper jurisdiction, and that the claim against Dr. Aryvand is not mooted by his departure from Kaiser. This opposition is timely filed.

<u>FACTS</u>

Count VI of the Complaint seeks injunctive relief barring Defendant Kaiser and the individual defendants from interfering with Plaintiff's medical practice.  This count also seeks damages for interference with business and unfair competition.  The relief is sought against Defendant Kaiser, and the individual defendants, Drs. Phillips, Aryavan and Lustgarten, in their individual capacities.

The Complaint alleges that Defendant Drs. Phillips,  Aryavan, and Lustgarten hampered and interfered with the formation and operation of the medical practice Plaintiff Dr. Lurie has been establishing since leaving Defendant Kaiser.  Defendant Dr. Phillips,  the discriminating Kaiser official who terminated Plaintiff Dr. Lurie, also denied Plaintiff Dr. Lurie admission to the Kaiser referring provider network.  Plaintiff Dr. Lurie seeks admission to the network and for Defendant Kaiser and the Individual Defendants to cease and desist from interfering with his medical practice. He also seeks reasonable attorney's fees, interest and costs of this action.  (Complaint ¶ 4.)

Specifically, Plaintiff alleges that the Defendant Kaiser and the individual defendants are (a) Interfering with patient referrals including patients with Medicare contracts, (b) taking patients away from Plaintiff Dr. Lurie that had previously been referred to him by Kaiser physicians, without his

consent or permission and often against the patients' desires, and (c) failing to pay for services rendered to Kaiser patients referred by Kaiser physicians. Defendant Kaiser through its employee, Defendant Dr. Phillips denied Plaintiff Dr. Lurie permission to join the Kaiser referring provider network, despite the fact that Plaintiff Dr. Lurie is credentialed and qualified for that group. Such interference is having a harmful effect on Plaintiff Dr. Lurie's business. (Complaint, ¶ 19.)

Defendant Kaiser is liable for its own actions, and for the actions of each of the Individual Defendants as employees of Defendant Kaiser under the doctrine of *respondeat superior*. The Individual Defendants are also directly liable to Plaintiff Dr. Lurie for their own actions. Plaintiff Dr. Lurie is entitled to damages and injunctive relief. (Complaint ¶¶ 44 - 49.)

The Complaint alleges under information and belief that Drs. Phillips and Lustgarten reside in Maryland, and Dr. Aryavan resides in Virginia, and that each practices medicine as an employee of Defendant Kaiser in the State of Maryland and the District of Columbia. (Complaint ¶¶ 7, 8 and 9.)

<u>ARGUMENT</u>

As stated in <u>Wiggins v. Equifax, Inc.</u>, 853 F. Supp 500, 502 (D.D.C. 1994) (District Judge Lamberth) (cited by Defendants), in order to assert personal jurisdiction over a non-resident defendant, service of process must be authorized by statute and must comport with the Due Process Clause of the Fourteenth Amendment. <u>Cohane v. Arpeja-California, Inc.</u>, 385 A. 2d 153, 158 (D.C.), <u>cert. denied</u>, 439 U.S. 980 (1978). Since the District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause allows, <u>Mouzavires v. Baxter</u>, 434 A. 2d 998 (D.C. 1981) (en banc), <u>cert. denied</u>, 455 U.S. 1006 (1982), personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and where the exercise of jurisdiction

3

comports with "traditional notions of fair play and substantial justice." <u>Asahi Metal Indus. Co. v. Superior Court of Cal.</u>, 480 U.S. 102 (1987).

District of Columbia Code Section 13-423(a) states that a District of Columbia court (or a Federal Court siting in the District of Columbia) may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's - (1) transacting any business in the District of Columbia, (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; and (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.  DC Code Ann. § 13-423(a) (2001 ed.).

The motion to dismiss is governed under the familiar standard that all allegations are taken as true, <u>Duncan v. Children's Nat'l Med. Ctr.</u>, 702 A. 2d 207, 210 (D.C. 1997), and the motion cannot be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim that would entitle him to relief.  See <u>Atkins v. Industrial Telecommunication Ass'n</u>, 660 A. 2d 885, 887 (D.C. 1995).

In the present case, the individual defendants caused injury in the District of Columbia to Plaintiff by tortious acts within the District of Columbia and in Maryland.  Through their medical practices, they each transact business in the District of Columbia, and derive revenue from services rendered in the District of Columbia.  Drs. Aryavand and Lustgarten see patients in the District of Columbia.  Dr. Phillips directly supervises the Kaiser doctors in the District of Columbia and performs medical updates in the District for physicians practicing in the District.  Consequently, each

4

of the individual defendants has the requisite minimum contacts with the District of Columbia to permit this Court to exercise personal jurisdiction over them individually.

Defendants argue that the interference to Plaintiff's practice occurred in Maryland, and that, therefore, the District of Columbia's long-arm statute does not reach these individual defendants. However, the Complaint is not so territorially limited. (See Complaint, ¶ 19.) Dr. Lurie states in his affidavit that "Drs. Lustgarten, Aryavand and Phillips have interfered with my practice of medicine...Such interference occurred in the District of Columbia and in Maryland...This interference has caused me injury in the District of Columbia." (See Lurie Affidavit, ¶¶ 9 and 10.)

Moreover, two patients also submit affidavits. Geraldine Edwards and Judy Gantt state that they saw Drs. Jacob Lustgarten and Bedad Aryavand this year at the Kaiser office at 110 Irving Street, NW, Suite 108 - POB South Tower, Washington, DC 20010. Although they reside in Maryland, the doctors requested that the patients be seen in their office in the District of Columbia. They state that Drs. Lustgarten and Aryavand operated on them several times with poor results. They also state that Drs. Lustgarten and Aryavand discouraged them from seeing Dr. Lurie, telling them that their insurance would not cover their care, when, in fact, they had Medicare insurance which covers their care with Dr. Lurie, who subsequently performed successful surgery on one of them and plans to perform surgery on the other. (See Edwards and Gantt Affidavits.) Thus, the facts show that tortious interference by the individual defendants occurred in the District of Columbia.

The records attached to Dr. Lurie's affidavit show that Dr. Lustgarten and Aryavan are licensed to practice medicine in the District of Columbia. The records from Washington Hospital Center identify the District of Columbia office of Dr. Lustgarten as his primary office. (See Lurie

Affidavit, Attachments A, B and C.)  Consequently, the individual doctors have the requisite minimum contacts to satisfy the District of Columbia's long-arm statute and Due Process.

While it would appear that Kaiser is providing the individual doctors a common defense with Kaiser, inasmuch as they are all being represented by the same counsel, it does not follow that they should, therefore, be dismissed as parties.  Defense counsel argues that each individual defendant was acting in a corporate capacity, and that Dr. Aryavand should be dismissed as moot because he no longer works for Kaiser.  However, the complaint alleges wrongdoing in their individual capacities. (Complaint ¶¶ 44 - 49.)  The Complaint seeks injunctive relief and damages against each of them.  (Complaint ¶¶ 44 - 49.)  Thus, the argument that each of the individual defendant doctors should be dismissed as corporate representatives and that Dr. Aryavand should be dismissed as moot from the case because he no longer works for Kaiser is irrelevant.  Kaiser will have to prove that these individuals were acting solely within the course and scope of their employment when they attempted wrongfully to steer patients away from Plaintiff.

The Complaint alleges that such acts by Defendant Kaiser and the Individual Defendants are being committed wrongfully and with malice, are continuing and are having a harmful effect on Plaintiff Lurie's business.  Defendant Kaiser is liable for its own actions, and for the actions of each of the Individual Defendants as employees of Defendant Kaiser under the doctrine of *respondeat superior*.   The Individual Defendants are also directly liable to Plaintiff Dr. Lurie for their own actions. (Complaint ¶ 47.) As such each, therefore, is subject to injunctive and compensatory relief.

Dr. Lustgarten's statement in his affidavit that he does not "maintain a principal place of business in the District of Columbia" (Lustgarten Affidavit, ¶ 3) is misleading and deceptive.  His statement is in direct conflict with the public records of the District of Columbia Health Professional

6

Licensing Administration (HPLA), the physicians profile from the Washington Hospital Center, and affidavits of patients Geraldine Edwards and Judy Gantt which state that his office is located at 110 Irving Street, NW, Suite 108 - POB South Tower, Washington, DC 20010.

The Washington Hospital Center lists Dr. Lustgarten's District address as his primary address.  (See Attachment to Lurie Affidavit.)  HPLA, which requires doctors to update their business addresses, reports the District address as his business address (See Attachment to Lurie Affidavit.  The patients report that Dr. Lustgarten asked to see them at the District office even though they reside in Maryland.  (See Edwards Affidavit, ¶ 3; and Gantt Affidavit, ¶ 3.)  Dr. Lustgarten's affidavit neglects to report that he is licensed to practice medicine in the District of Columbia. (See Lurie Affidavit ¶ 4 and Attachments that Dr. Lustgarten is licensed in the District of Columbia.)

The patients similarly report that Dr. Aryavand asked to see them at the District office.  (See Edwards Affidavit, ¶ 3; and Gantt Affidavit, ¶ 3.)  Dr. Aryavand's affidavit also neglects to report that he is licensed to practice medicine in the District of Columbia.  (See Lurie Affidavit ¶ 6 and Attachments that Dr. Aryavand is licensed in the District of Columbia.)

Dr. Phillips supervises physicians in three offices in the District of Columbia and offices in Virginia and Maryland (Lurie Affidavit ¶ 7).  By his own admission, he works in the District of Columbia (Phillips Affidavit, ¶ 4).

 The facts here are distinguishable from the facts in <u>Wiggins v. Equifax</u>, 853 F. Supp. 500 (D.D.C. 1994), because the individual physician defendants in this case saw patients in the District of Columbia and committed tortious acts as individuals in the District of Columbia by interfering with patients who wanted to be seen by Plaintiff Dr. Lurie.  Paragraph (3) of the long-arm statute,

"causing tortious injury in the District of Columbia by an act or omission in the District of Columbia," was not presented in <u>Wiggins.</u>  Unlike <u>Wiggins</u>, the individual defendants in this case each have personal contacts with the District of Columbia, and two of the defendants are licensed and have had personal contacts with patients here.  They committed tortious acts in the District of Columbia, causing injury to the Plaintiff, a District of Columbia resident.

WHEREFORE, Plaintiff prays that these motions be denied.

Dated: September 28, 2006.               Respectfully submitted,

DEAN KEVIN LURIE, M.D.
("Plaintiff")


By:_____/s/_____
         James S. Bubar, Esq.
         (D.C. Bar No. 321125)
         Suite 800
         1776 K Street, N.W.
         Washington, DC  20006
         (202) 223-2060
         (202) 223-2061 Fax

         Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2006, the service of the foregoing "Opposition," and proposed order under Fed. R. Civ. P. 5(a) has been made under Local Civil Rule 5.4(d) on the following persons:

R. Michael Smith
Charles R. Bacharach
Gordon, Feinblatt, Rothman,
Hoffberger & Hollander. LLC
233 East Redwood Street
Baltimore, MD 21202
(Counsel for Defendants)


_____/s/_____
James S. Bubar

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
DEAN KEVIN LURIE, M.D.,                 )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Civil Action No. 1:06CV01386
                                        )        Judge Royce C. Lamberth
MID-ATLANTIC PERMANENTE                 )
MEDICAL GROUP, P.C. (MAPMG)             )
D/B/A KAISER PERMANENTE                 )
("KAISER"),  ET AL.,                    )
                                        )
        Defendants.                     )
_____)

ORDER

Upon consideration of the "Motion of Defendants Yancy Phillips, M.D. and Jacob

Lustgarten, M.D. to Dismiss for Lack of Personal Jurisdiction" and the "Motion of Defendant

Behandad Aryavand, M.D. to Dismiss for Lack of Personal Jurisdiction, or, In the Alternative, For

Mootness" (the "Motions"), and the opposition thereto filed by Plaintiff, it is this _____ day

of _____, 2006:

    ORDERED, that the Motions be and hereby are DENIED.


                        _____
                        UNITED STATES DISTRICT JUDGE

CC:    James S. Bubar, Esq.
       1776 K Street, N.W., Suite 800
       Washington, DC  20006
       (Counsel for Plaintiff)

       R. Michael Smith, Esq.
       Charles R. Bacharach, Esq.
       Gordon, Feinblatt, Rothman,
       Hoffberger & Hollander. LLC
       233 East Redwood Street
       Baltimore, MD 21202
       (Counsel for Defendants)