UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEAN KEVIN LURIE, M.D., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MID-ATLANTIC PERMANENTE )<br>MEDICAL GROUP, P.C. (MAPMG) )<br>D/B/A KAISER PERMANENTE )<br>("KAISER"), ET AL., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:06CV01386<br>Judge Royce C. Lamberth |

## MOTION TO DISMISS COUNTERCLAIM

Plaintiff Dean Kevin Lurie, M.D., by and through his counsel, hereby moves to dismiss the counterclaim filed by Defendant Kaiser in this matter. In connection with this motion, Plaintiff submits the accompanying memorandum of points and authorities.

WHEREFORE, Plaintiff prays that this motion be granted.

Dated: September 28, 2006.

Respectfully submitted,

DEAN KEVIN LURIE, M.D.
("Plaintiff")

By:      /s/
James S. Bubar, Esq.
(D.C. Bar No. 321125)
Suite 800
1776 K Street, N.W.
Washington, DC  20006
(202) 223-2060
(202) 223-2061 Fax

Attorney for Plaintiff

1

## CERTIFICATE OF SERVICE

    I hereby certify that on September 28, 2006, the service of the foregoing "Motion," memorandum and proposed order under Fed. R. Civ. P. 5(a) has been made under Local Civil Rule 5.4(d) on the following persons:

>R. Michael Smith
>Charles R. Bacharach
>Gordon, Feinblatt, Rothman,
>Hoffberger & Hollander. LLC
>233 East Redwood Street
>Baltimore, MD 21202
>(Counsel for Defendants)

                                                                     /s/
                                                  James S. Bubar

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEAN KEVIN LURIE, M.D., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MID-ATLANTIC PERMANENTE )<br>MEDICAL GROUP, P.C. (MAPMG) )<br>D/B/A KAISER PERMANENTE )<br>("KAISER"), ET AL., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:06CV01386<br>Judge Royce C. Lamberth |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

Plaintiff Dean Kevin Lurie, M.D. ("Plaintiff"), by and through his counsel, submits this memorandum of points and authorities in support of the motion to dismiss the counterclaim in this matter.

NATURE OF THE CASE

This matter was filed on August 6, 2006. Plaintiff seeks monetary damages for employment discrimination, wrongful termination and breach of contract after being improperly discharged from Defendant Kaiser after more than 17 years. He also seeks damages and injunctive relief against Defendant Kaiser and individual Defendant Drs. Phillips, Aryavand and Lustgarden for interference with business and unfair competition. On September 5, 2006, Defendant Kaiser filed an Answer and Counterclaim, and Defendants Phillips and Lustgarden filed a Motion to Dismiss. Defendant Dr. Aryavand filed a Motion to Dismiss on September 21, 2006. This motion to dismiss is timely filed.

1

SUMMARY

Defendant Kaiser filed a counterclaim for breach of contract, fraud, negligent misrepresentation and unjust enrichment which, it maintains, led to its discharge of Plaintiff from Kaiser after 17 years. Plaintiff denies any basis for such claims, and has alleged that the reason for his termination was a pretext for discrimination based on age. (See Verified Complaint, ¶ 23.) Plaintiff had followed the policies of Defendant with regard to time records and there is no basis to the charge. (See Verified Complaint, ¶ 16.) The Maryland Office of Unemployment Insurance found that the evidence was insufficient. (Id.) Plaintiff also alleges breach of contract and other claims. While Kaiser can be sued in the District of Columbia, Kaiser is not qualified to transact business in the District of Columbia, and, therefore, cannot sue in the District of Columbia. Kaiser cannot maintain an action for breach of contract which would require the enforcement of a contract in the District of Columbia. Moreover, the breach of contract claim fails to state a claim for relief because Defendant fails to allege the terms of the contract. The basis for the other claims, namely seeing patients at a "ghost clinic" does not state a claim for relief since there are no damages as all patients were, in fact, seen by him in accordance with known Kaiser procedures.

ARGUMENT

THE COUNTERCLAIM MUST BE DISMISSED
BECAUSE IT FAILS TO STATE A CLAIM FOR RELIEF

Plaintiff seeks to dismiss the counterclaim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The motion to dismiss is governed under the familiar standard that all allegations are taken as true, Duncan v. Children's Nat'l Med. Ctr., 702 A. 2d 207, 210 (D.C. 1997), and the motion cannot be granted unless it appears beyond doubt that the plaintiff (i.e., Defendant Kaiser) can prove no set of facts in support of their claim that would entitle it to

relief. See Atkins v. Industrial Telecommunication Ass'n, 660 A. 2d 885, 887 (D.C. 1995).

  A. DEFENDANT HAS NO LEGAL EXISTENCE AND IS NOT ENTITLED TO SUE

  Defendant's certificate of authority to transact business in the District of Columbia was revoked in 2005. (See attached Exhibit 1.) Consequently, Defendant is not in good standing with the Government of the District of Columbia Department of Consumer and Regulatory Affairs and cannot maintain a counterclaim. There is no set of facts by which Defendant can show that it would be entitled to relief.

  D.C. Code § 29-101.119(a) (2006) states: "No foreign corporation which is subject to the provisions of this chapter and which transacts business in the District without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of the District until such corporation shall have obtained a certificate of authority. Nor shall an action at law or in equity be maintained in any court of the District by any successor or assignee of such corporation on any right, claim, or demand arising out of the transaction of business by such corporation in the District until a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets."

  The failure of a foreign corporation to obtain a certificate of authority to transact business in the District shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action at law or suit in equity in any court of the District. D.C. Code § 29-101.119(b) (2006).

  Thus, while Kaiser may defend an action brought in the District of Columbia, it cannot sue in the District of Columbia because its certificate of authority to transact business was revoked.

  Under Fed. R. Civ. P 17(b) the capacity of a corporation to sue or be sued is determined by

the law under which it was organized. Although Kaiser is a Maryland corporation, it would face a similar fate there as a foreign corporation not qualified to transact business. A foreign corporation doing business in Maryland which fails to qualify to transact business in Maryland is not permitted to file a counterclaim. See Gibraltar Const. & Eng'g, Inc. v. State Nat'l Bank, 265 Md. 530 (1972) (counterclaim filed by corporation not qualified to transact business was dismissed). Md. Code Ann. Corps. 7 Ass'ns § 7-301. A Maryland corporation whose charter has been forfeited has no legal existence, and thus no capacity to sue. FDIC v. Heidrick, 812 F. Supp. 586 (D. Md. 1991), *aff'd sub nom.* FDIC v. American Cas. Co., 995 F.2d 471 (4th Cir.1993); Md. Code Ann., Corps. & Ass'ns § 3-515. However, this case is in the District and not in Maryland, and the Maryland law governs what a domestic and foreign corporation can do in Maryland. Under the default provision of Fed. R. Civ. P. 17 (b), governing all other cases, capacity to sue or be sued shall be determined by the law of the state in which the district court is held; in this case, the District of Columbia, which also denies a foreign corporation the ability to sue if it does not have a certificate of authority. Kaiser is not qualified to transact business in the District of Columbia.

To be able to file a counterclaim against Plaintiff in the District of Columbia, Defendant must be qualified to transact business here. D.C. Code § 29-101.119 (2006). See Telephone and Data Systems, Inc. v. American Cellular Network Corporation, 966 F.2d 696 (DC Cir. 1992), ILC Corp. v. Latino Newspaper, Inc., 747 F. Supp. 85 (D.D.C. 1990) (applying door-closing statute to bar plaintiff seeking to commence suit under diversity statute). Kaiser alleges jurisdiction for its counterclaim under 28 U.S.C. § 1332 (diversity) which would be barred. (Counterclaim, ¶ 3.) Kaiser has not met its obligations to the District of Columbia and its certificate was revoked on September 12, 2005, more than a year ago. Consequently, Defendant cannot sue and this matter

should be dismissed.

Count One of the counterclaim seeks relief for breach of contract. A dismissal would be consistent with the public policy of refusing to enforce contracts by unlicenced persons or which otherwise violate statutory prohibitions. See, e.g.,Queen v. Agger, 287 Md. 342, 412 A.2d 733 (1980) (contract for fee for health care service greater than that approved by Workmen's Compensation Commission); Downing Dev. Corp. v. Brazelton, 253 Md. 390, 252 A.2d 849 (1969) (contract for sale of corporate assets); Thorpe v. Carte, 252 Md. 523, 250 A.2d 618 (1969) (contract for division of commission between licensed real estate broker and unlicensed individual); Van Meter v. Wilkinson, 187 Md. 492, 50 A.2d 557 (1947) (contract by retired army officer to assist in prosecuting a claim against United States); Webb v. Haeffer, 53 Md. 187 (1880) (agreement to hold mortgage sale outside county where mortgaged property situated).

There is no question that Defendant should have been licensed with the Government of the District of Columbia. Kaiser maintains offices in the District of Columbia at 1011 North Capitol Street, NE, Washington, DC 20002, 110 Irving Street, NW, Suite 108 - POB South Tower, Washington, DC 20010, and 2100-W Pennsylvania Ave., NW, Washington, D.C. 20037. (See Lurie Affidavit, Exhibit to Opposition to Motion to Dismiss, ¶ 7.) Kaiser was issued a certificate of authority to transact business on October 4, 1995. Kaiser admits in its Answer to the Complaint that it does business in the District of Columbia. See Answer, ¶ 6. Kaiser is doing business in the District of Columbia, and, yet, it has not had a valid certificate of authority to transact business here for more than a year. [1]

---

1/ This Court has retained discretion whether to apply the door-closing statute in non-diversity cases. Jane Lyons Adver. v. Cook, 1998 U.S. Dist. LEXIS 14708 (D.D.C. 1998). Although Defendant has also alleged supplemental jurisdiction under 28 USC §1367, it should

Consequently, Defendant cannot bring this action. Defendant fails to state a claim for which relief may be granted.

### B. DEFENDANT HAS FAILED TO ALLEGE THE ELEMENTS OF A BREACH OF CONTRACT

The party seeking recovery for breach of contract bears the burden of proving all elements of the claim. Banze v. American Int'l Exports, Inc., 454 A. 2d 816, 817 (D.C. 1983). To plead breach of contract a plaintiff must allege, "an unjustified failure to perform all or any part of what is promised in a contract entitling the injured party to damages." King & King v. Harbert International, Inc., 436 F. Supp. 2d 3 (D.D.C. 2006). Defendant has not alleged any of the terms of the contract in its Count One (Breach of Contract). It has not alleged an unjustified failure to perform all or any part of what is promised in a contract entitling the injured party to damages. It has not alleged formation or breach. See In re Papandreou, 139 F.3d 247, 252 (D.C. Cir. 1998) (elements of breach of contract claim are "formation of the contract and its breach").

Plaintiff's Complaint alleges an implied contract based on a research contract with Graftcath, Inc. for the benefit of Plaintiff. Defendant's Answer denies an implied contract. See Answer ¶¶ 35 and 41. In order to state a claim for relief, Defendant must set forth the terms of a contract that Plaintiff breached. It has not done so. Consequently, Defendant has not alleged a breach of contract. There are no facts that Defendant has alleged that would entitle it to relief.

### C. DEFENDANT HAS FAILED TO ALLEGE ANY DAMAGES

Defendant fails to allege any damages caused by Plaintiff's alleged breach of contract, fraud,

---

not be able to evade the intent of statutes in both the state of its incorporation, Maryland, and the forum, the District of Columbia, where, as here, it has been operating without a certificate of authority to transact business for over one year.

negligent misrepresentation, and unjust enrichment, asking the Court to award Defendant consequential and punitive damages in an amount to be proven at trial and for an accounting. In fact, there were no damages. Plaintiff did not receive any monies for patients not seen by him. The accounting practices were well known to Defendant, and were an acceptable way for Kaiser physicians to receive compensation for additional patients seen by them. (See Verified Complaint, ¶ 16.)

### D. CONCLUSION

Plaintiff requests that this matter be dismissed because Defendant lacks legal existence and cannot sue. Defendant's certificate was revoked by the District of Columbia. In addition, Defendant cannot state a claim, because it has not alleged the elements of a breach of contract or damages.

WHEREFORE, Plaintiff prays that this motion be granted.

Dated: September 28, 2006.

                                              Respectfully submitted,

                                              DEAN KEVIN LURIE, M.D.
                                              ("Plaintiff")

                                              By: _____/s/_____
                                                    James S. Bubar, Esq.
                                                    (D.C. Bar No. 321125)
                                                    Suite 800
                                                   1776 K Street, N.W.
                                                   Washington, DC 20006
                                                   (202) 223-2060
                                                   (202) 223-2061 Fax

                                              Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEAN KEVIN LURIE, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| v.       ) | Civil Action No. 1:06CV01386 |
| ) | Judge Royce C. Lamberth |
| MID-ATLANTIC PERMANENTE ) | |
| MEDICAL GROUP, P.C. (MAPMG) ) | |
| D/B/A KAISER PERMANENTE ) | |
| ("KAISER"), ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Upon consideration of the "Motion to Dismiss Counterclaim" filed by Plaintiff, it is this

_____ day of _____, 2006:

ORDERED, that the Motion be and hereby is GRANTED, and it is further,

ORDERED, that the counterclaim shall be and hereby is dismissed.

_____
UNITED STATES DISTRICT JUDGE

CC:   James S. Bubar, Esq.
      Suite 800
      1776 K Street, N.W.
      Washington, DC  20006
      (Counsel for Plaintiff)

1

2

R. Michael Smith
Charles R. Bacharach
Gordon, Feinblatt, Rothman,
Hoffberger & Hollander. LLC
233 East Redwood Street
Baltimore, MD 21202
(Counsel for Defendants)

Case 1:06-cv-01386-RCL     Document 9     Filed 09/28/2006     Page 11 of 11