IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEAN KEVIN LURIE, M.D. | * | |
| Plaintiff, | * | |
| V. | * | Civil Action No.:  1:06CV01386 |
| MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C., ET AL., | * | Judge:  Royce C. Lamberth |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION OF DEFENDANT, MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C., TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

**I.    Introduction**

Plaintiff, Dean Kevin Lurie ("Lurie"), has moved to dismiss the Counterclaim of Defendant, Mid-Atlantic Permanente Medical Group, P.C. ("MAPMG"), that seeks the recovery of compensation that Lurie obtained by falsely reporting that he performed certain services. Lurie contends that MAPMG cannot maintain the Counterclaim because MAPMG lacks a Certificate of Authority to do business in the District of Columbia.

Lurie also argues that the Counterclaim is deficient because it fails to allege the elements of a breach of contract claim and the specific amount of damages sought by MAPMG.  MAPMG asks the Court to deny Lurie's motion because his contentions lack merit.

**II.    MAPMG's Failure To Have A Certificate of Authority Does Not Preclude MAPMG From Maintaining The Counterclaim.**

Lurie contends that MAPMG may not maintain the Counterclaim because MAPMG lacks a Certificate of Authority to do business in the District of Columbia.  MAPMG obtained a

397862.1
10/11/2006

Certificate of Authority in 1995, but the certificate lapsed in April 2005 because MAPMG inadvertently failed to pay requisite the annual renewal fee.

MAPMG, however, has now corrected that oversight so the Certificate of Authority was reinstated effective October 11, 2006. (Affidavit of Yancy Phillips, M.D., Exs. 1 and 2) As a consequence, MAPMG may continue to prosecute the Counterclaim. *See Federal Loose Leaf Corp. v. Woodhouse Stationery Co.,* 163 F. Supp. 482 (D.D.C. 1957) (motion to dismiss denied because corporation obtained Certificate of Authority after motion was filed); *Hill-Lanham, Inc. v. Lightview Development Corp.,* 163 F. Supp. 475, 476 (D.D.C. 1957) (same).

Lurie also insists that Count One of the Counterclaim should be dismissed because prosecution of that breach of contract claim contravenes public policy due to the lapse in MAPMG's Certificate of Authority. The cases cited by Lurie, however, dealt with situations where a plaintiff suing for breach of contract had either: (1) failed to obtain a license required by regulatory schemes intended to protect the public; or (2) sought enforcement of a contract specifically prohibited by a statute. *See Queen v. Agger,* 412 A.2d 733, 735 (Md. 1980) (workers' compensation law prohibited medical care providers from demanding payments exceeding amounts specified by that law); *Downing Development Corp. v. Brazelton,* 252 A.2d 849, 852-853 (Md. 1969) (board of directors failed to comply with procedure specified by statute regarding sale of corporate assets); *Thorpe v. Carte,* 250 A.2d 618, 621-622 (Md. 1969) (statute prohibited licensed realtors from splitting sales commissions with unlicensed persons); *Van Meter v. Wilkinson,* 50 A.2d 557, 559 (Md. 1947) (federal statute prohibited military officers from receiving compensation for assisting prosecution of claims against U.S. government); *Webb v. Haeffer,* 53 Md. 187, 190-191 (1980) (statute required foreclosure sale to held in county where mortgaged property was located).

2

397862.1
10/11/2006

Lurie has not identified any statute or regulation that prohibits or invalidates the pertinent provisions of the employment contract which MAPMG alleges that Lurie breached.  Moreover, none of the cases cited by Lurie involved a breach of contract claim that could not be maintained in a particular court simply because a corporation had failed to qualify to do business in that jurisdiction.  In addition, the courts in *Federal Loose Leaf Corp.* and *Hill-Lanham, Inc.* expressly rejected the argument that the District of Columbia statute regarding that subject was intended to protect the public.

**III.    The Allegations In The Counterclaim Satisfy The Notice Pleading Requirements Imposed By Federal Rule Of Civil Procedure 8.**

Lurie argues that: (1) Count One of the Counterclaim should be dismissed because it fails to allege each of the elements of a breach of contract claim; and (2) the Counterclaim should be dismissed because MAPMG fails to allege the amount of damages sought from Lurie.

The courts have consistently held that a plaintiff need not plead all of the elements of a claim in order to satisfy the pleading requirement imposed by Federal Rule of Civil Procedure 8. *See Dorothy K. Winston & Co. v. Town Heights Development, Inc.,* 376 F. Supp. 1214, 1217 (D.D.C. 1974) (motion to dismiss denied even though complaint failed to allege all elements of a breach of contract claim); *Petri v. Gatlin,* 997 F. Supp. 956, 965 (N.D. Ill. 1997) (same).

Hence, a plaintiff satisfies its obligation by merely pleading enough facts to notify the defendant of the existence and nature of a claim and to allow the defendant to draft an answer. *See Conley v. Gibson,* 355 U.S. 41, 47-48 (1957).  Defendants may use the liberalized discovery procedures provided by the Federal Rules to obtain the additional factual details needed to defend a claim. *Id.* at 48; *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512-513 (2002).

The Counterclaim clearly passes muster under Rule 8 by providing a short and concise statement of MAPMG's breach of contract claim against Lurie.  For example, the Counterclaim

specifically alleges that: (1) MAPMG employed Lurie; (2) MAPMG paid Lurie certain compensation if he performed services outside his regularly scheduled hours; (3) Lurie submitted records and information showing that he had provided services that he had not performed or had not performed during the times shown; (4) MAPMG paid Lurie compensation to which he was not entitled based on those falsified records; (5) Lurie's conduct breached his employment contract; and (6) that breach cause MAPMG to sustain damage in the amount of the overpaid compensation.

Those allegations obviously state the elements of a breach of contract claim, namely, that: (1) Lurie and MAPMG were parties to an employment contract that provided that he would be paid certain amounts for services rendered; and (2) Lurie breached that agreement by falsely claiming compensation to which he was not entitled. *See BJC Health System v. Columbia Cas. Co.,* 348 F.3d 685, 688-689 (8th Cir. 2003) (motion to dismiss breach of contract claim should be denied because Rule 8 requires only that complaint allege that plaintiff and defendant were parties to a contract, defendant breached the contract, and plaintiff suffered damage).

As a consequence, the Counterclaim gives Lurie adequate notice of the nature of MAPMG's claim so that he can admit or deny that he breached his employment contract. If Lurie truly does not know the facts needed to defend Count One, he can easily use discovery to obtain more information about the provisions of his employment contract and how he breached those terms.

Moreover, Rule 8 does not require MAPMG to allege the amount of damages sought by the Counterclaim. *See Estate of Coggins v. Wagner Hopkins, Inc.,* 183 F. Supp. 2d 1126, 1131-1132 (D. Wisc. 2001) (motion to dismiss denied even though complaint did not specify amount of damages sought); *Compania de las Fabricas v. Bagley & Sewall Co.,* 10 F.R.D. 140, 141

(N.D.N.Y. 1950) (motion to dismiss breach of contract claim denied even though complaint did not specify amount of damages sought). Indeed, Lurie probably knows more than MAPMG at this juncture about the amount of compensation that he received by submitting claims for services, such as "ghost clinics," that he never performed.[1] Once again, Lurie may utilize discovery to procure information about MAPMG's damages to the extent that he does not already possess that data. *See Estate of Coggins,* 183 F. Supp. 2d at 1132 (defendant may use discovery to obtain information regarding amount of damages); *Compania de las Fabricas,* 10 F.R.D. at 141 (same).

## IV.    Conclusion

For the reasons stated above, MAPMG asks the Court to deny Lurie's motion to dismiss the Counterclaim.

Respectfully submitted,

_____/s/_____
R. Michael Smith (DC Bar #372654)

_____/s/_____
Charles R. Bacharach (DC Bar #448842)
Gordon, Feinblatt, Rothman,
    Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland  21202
410/576-4174
msmith@gfrlaw.com
410/576-4169
cbacharach@gfrlaw.com
Attorneys for Defendants

---

[1]   For that reason, the Counterclaim seeks an accounting by Lurie so MAPMG can better determine the total amount of the compensation that Lurie was paid as result of his unlawful conduct.

397862.1
10/11/2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 12, 2006, a copy of the foregoing Opposition Of Defendant, Mid-Atlantic Permanente Medical Group, P.C., To Plaintiff's Motion To Dismiss Counterclaim was served electronically on James S. Bubar, Esq., 1776 K Street, NW, Suite 800, Washington, DC  20006.

_____/s/_____
R. Michael Smith

397862.1
10/11/2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEAN KEVIN LURIE, M.D.                            *

            Plaintiff,                      *

        v.                                   *    Civil Action No.:  1:06CV01386

MID-ATLANTIC PERMANENTE MEDICAL *    Judge:  Royce C. Lamberth
GROUP, P.C., ET AL
                          *

            Defendant.                     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DECLARATION OF YANCY PHILLIPS, M.D.

1.     I am over eighteen (18) years of age and am competent to testify, on personal knowledge, about the matters set forth in this declaration.

2.     I am the Senior Associate Medical Director for Mid-Atlantic Permanente Medical Group, P.C. ("MAPMG").

3.     MAPMG obtained a Certificate of Authority in 1995 to do business in the District of Columbia, but that certificate lapsed in April 2005 because MAPMG inadvertently failed to pay requisite the annual renewal fee.

4.     MAPMG has now corrected that oversight so the Certificate of Authority was reinstated effective October 11, 2006.   MAPMG obtained Exhibits 1 and 2 to this declaration which attest to that fact.

5.     I declare under the penalty of perjury that foregoing is true and correct.  Executed on October 11, 2006

                                                _Yancy Phillips_

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
### DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS



# CERTIFICATE

**THIS IS TO CERTIFY** that all applicable provisions of the District of Columbia Business Corporation Act have been complied with and accordingly, this *CERTIFICATE OF REINSTATEMENT* is hereby issued to:

**MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C.**

**IN WITNESS WHEREOF I** have hereunto set my hand and caused the seal of this office to be affixed as of the **11th** day of **October, 2006.**

PATRICK J. CANAVAN, PSY. D.
Director

Business and Professional Licensing Administration

PATRICIA E. GRAYS
Superintendent of Corporations
Corporations Division

Anthony A. Williams
Mayor

*Exhibit 1*
*Defendants' Opposition to Motion to Dismiss Counterclaim*

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS



# C E R T I F I C A T E

## THIS IS TO CERTIFY THAT

### MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C.

A corporation organized and existing under and by virtue of the laws of the state of
**MARYLAND** has been duly authorized to transact business as a foreign corporation
in the District of Columbia by virtue of the Certificate of Authority issued by the Department of
Consumer and Regulatory Affairs, Corporations Division on the **4th** day of **October, 1995**.

The above entitled corporation is at the time of issuance of this Certificate in **Good Standing**
according to the records of Corporations Division, having filed all reports as required
by the District of Columbia Business Corporation Act.

**IN TESTIMONY WHEREOF I** have hereunto set my hand and caused the seal of this
office to be affixed this **11th** day of **October, 2006**.

PATRICK J. CANAVAN, PSY. D.
DIRECTOR

Business and Professional Licensing Administration

PATRICIA E. GRAYS
Superintendent of Corporations
Corporations Division

Anthony A. Williams
Mayor

*Exhibit 2*
*Defendants' Opposition to Motion to Dismiss Counterclaim*