UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEAN KEVIN LURIE, M.D. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1386 (RCL) |
| | ) | |
| MID-ATLANTIC PERMANENTE | ) | |
| MEDICAL GROUP, P.C., et al. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM AND ORDER

This matter comes before the Court on defendant Behdad Aryavand's Motion to Dismiss

[7] for Lack of Personal Jurisdiction or in the Alternative for Mootness, and on defendants Yancy

Phillips and Jacob Lustgarten's Motion to Dismiss [3] for Lack of Personal Jurisdiction. Plaintiff

Dean Kevin Lurie has failed to show that each of the defendants were subject to either general

jurisdiction in the District of Columbia or specific jurisdiction under D.C.'s long-arm statute.

Thus, Lurie's claims against each of these parties must be dismissed.

I. Factual Background

Plaintiff filed a complaint with this Court alleging several counts against Mid-Atlantic

Permanente Medical Group (Kaiser Permanente) herein after "MAPMG," and three defendants,

Jacob Lustgarten, Yancey Phillips and Behdad Aryavand, also employees of Kaiser during the

relevant time period. Plaintiff is a vascular surgeon who was employed by Kaiser from August

15, 1988 to October 21, 2005. (Compl. 2-3.) The current motions before the court involve

plaintiff's claims against three doctors that either currently work for or used to work for

MAPMG.  MAPMG employed these physicians to provide medical services to patient members of the Kaiser Foundation Health Plan of the Mid-Atlantic States.  The Kaiser Foundation Health Plan leases and maintains several offices in D.C., these being at 110 Irving Street, NW and 1011 North Capitol Street, NE, and 2100-W Pennsylvania Avenue, NW.

Plaintiff maintains that Lustgarten, Phillips, and Aryavand are unlawfully interfering with his business and are engaging in unfair competition.  Specifically, plaintiff claims that defendants are (1) interfering with patient referrals (2) taking patients away from plaintiff that had been referred to him by Kaiser doctors, and lastly, that Dr.Phillips denied plaintiff access to Kaiser's referral provider network even though he is "credentialed and qualified" for the group.  (Compl. at 12.)  Plaintiff seeks injunctive relief from this Court, requesting that defendants be forbidden from interfering with plaintiff's medical practice.

## II. General Jurisdiction

Under D.C. law, a person may be haled to court under one of two statutes, D.C. Code § 13-422 (general jurisdiction) and D.C. Code § 13-423 (long-arm statute).  General jurisdiction is said to exist when despite the fact that the injurious events did not transpire in that district, a person can still be called into court there because his contacts with such jurisdiction are so "continuous and systematic" that he can always expect to be haled to court there.  *See*, *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (determining that Helicol's connections with the state of Texas did not constitute the kind of continuous and systematic contacts that would subject them to general jurisdiction there).  The Supreme Court held in *Helicopteros* that even though Helicol's pilots were trained in Texas and its helicopters were bought there, it could not be subject to general jurisdiction there when one of its copters

crashed in Peru. *See generally*, *Id.* The District of Columbia has codified its general jurisdiction

requirements under § 13-422. It holds, "A District of Columbia court may exercise personal

jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its

principal place of business in, the District of Columbia." Because plaintiff fails to show that

each of the defendants meet any of this criteria, they are not subject to general jurisdiction in

D.C.

### a. Dr. Phillips

Dr. Phillips cannot be called into court in D.C. because he is neither domiciled in D.C.

nor does he maintain a principal place of business in D.C. Phillips is the Senior Associate

Medical Director of Operations for the Mid-Atlantic Permanente Medical Group, P.C.

("MAPMG"). (Phillips Aff. ¶ 2.) By affidavit, Phillips states that he is domiciled in, and a

citizen of the state of Virginia. He also never has maintained a principal place of business in

D.C. because his only personal office is at MAPMG's headquarters in Rockville, Maryland.

(Phillips Aff. at ¶¶ 2-3.)

Plaintiff states that Dr. Phillips nonetheless can be subject to general jurisdiction because

he "has responsibility" for various offices located in D.C. and many other offices in Maryland

and Virginia.[1] Plaintiff is incorrect, as these cannot be considered Phillips' "principal places of

business." By citing numerous offices that Phillips allegedly works at, plaintiff does no more

than shoot himself in the foot, as this goes directly against the plain meaning of "*principal* place

of business." Surely not all these locations could be considered to be Phillips' main place of

---

[1] These offices are located at 1011 North Capitol St., NE, 110 Irving St., NW, and 2100-
W Pennsylvania Ave., NW. (Lurie Aff. at ¶ 7.)

business.  Further, Dr. Phillips visits the D.C. locations to "perform services in [his] capacity as

an officer and employee of MAPMG. [He] does not perform any work in the District of

Columbia in [his] individual capacity." (Phillips' Aff. at ¶ 4.)  Also, plaintiff can only state that

Phillips was seen on random occasions at these offices.  (*See*, Lurie Aff. at ¶ 8.) Finally, Phillips

is not even licensed to practice medicine in D.C., therefore making it implausible for him to

maintain a principal place of (medical) business in the district. (Phillips' Aff. at ¶ 3.)

b. Dr. Lustgarten

Dr. Lustgarten is a physician employed by the Mid-Atlantic Permanente Medical Group,

and provides medical services to patients from the tri-state area as an employee of MAPMG.

(Lustgarten Aff. at ¶¶ 2, 4.)  Lustgarten is a resident and citizen of Maryland.  (*Id.* at ¶ 3.)  He

also states in his affidavit that he does not provide medical services or perform work of any kind

in the District of Columbia in his individual capacity.  (*Id.* at ¶ 5.)  Plaintiff maintains that even

though Lustgarten does not personally own or lease an office in the District of Columbia, he still

can be haled to court there because he provides medical services in the District, is licensed to

practice in D.C., and holds his D.C. office out to be his primary one.[2] (*See*, Lurie Aff. ¶ 4; Attach.

B, )

Defendants first attack the admissibility of plaintiff's attachment from the Washington

Hospital Center's website as inexcusable hearsay.  The Court agrees.  The document is taken

from the Washington Hospital Center's website and does not constitute proper evidence to

---

[2] Lurie attaches to his Opposition a print out copy of Dr. Lustgarten's information as available on the Washington Hospital Center's website.  Besides listing his areas of expertise, the page also lists his primary and secondary office locations.

establish that Lustgarten maintains his principal place of business in D.C. The D.C. Court of

Appeals has recognized the broad discretion a trial court has in determining the legitimacy and

trustworthiness of such documents. *See*, *S.E.C. v. First City Financial Corp., Ltd.*, 890 F.2d

1215, 1225 (D.C. Cir. 1989). In this case, it is obvious that such a website listing could contain

facts never stated by Dr. Lustgarten or is inaccurate, outdated or entirely incorrect.

Even if Dr. Lustgarten did mainly work out of the Health Plan's office in D.C., this does

not show that he is subject to general jurisdiction in D.C. Lustgarten must operate the D.C.

office in his own individual capacity, not as an employee of MAPMG. By the doctrine of

*respondeat superior*, only MAPMG can be held liable for Lustgarten's actions, unless Dr.

Lustgarten was acting independently. Dr. Lustgarten has sworn that he does not maintain a

principal place of business in D.C. and he only provides medical services in D.C. as an employee

of MAPMG. (Lustgarten Aff. at ¶ 3-4.) Thus, he is not subject to general jurisdiction there.

### c. Dr. Aryavand

Dr. Aryavand is probably the person the least subject to the jurisdiction of courts in the

District of Columbia. He is a citizen and resident of Virginia, and does not maintain a principal

place of business in D.C. (Aryavand Aff. at ¶¶ 2-3.) Dr. Aryavand, like Dr. Lustgarten and Dr.

Phillips, also did not work in D.C. in his own capacity; any time spent working out of an office in

D.C. was as an MAPMG employee. (*Id.* at ¶ 4.) Further, Dr. Aryavand now no longer works for

MAPMG, and did not work for MAPMG when he was served with process. Persons must have

the appropriate contacts with the jurisdiction when they are served with process. *See*, *Valdes v.

Gordon*, 949 F.Supp 21, 24-25 (D.D.C. 1996). Dr. Aryavand cannot be subject to jurisdiction in

D.C. under § 13-422.

### III. Specific Jurisdiction under D.C.'s Long-Arm Statute

If Lurie cannot bring defendants Lustgarten, Phillips and Aryavand to court in the District

under § 13-422, he must show that they are subject to D.C.'s long-arm statute.  D.C.'s long-arm

statute has been held to extend as far as the Due Process clause allows.  *Mouzavires v. Baxter*,

434 A.2d 988, 993 (D.D.C. 1981). *See also*, *Reuber v. United States*, 750 F.2d 1039, 1050 n.13

(D.C. Cir. 1983); *Margoles v. Johns*, 483 F.2d 1212, 1221 (D.C. Cir. 1973). This statute can

bring outside residents to court in D.C. when the claim arises from a D.C. occurrence, the

defendants have minimum contacts with D.C., and bringing him to court there does not violate

notions of fair play and substantial justice. *See, Asahi Metal Indus. Co. v. Superior Ct. of Cal.*,

480 U.S. 102 (1987); *Int'l Shoe v. State of Washington*, 326 U.S. 310, 316 (1945).  These are the

elements that the Supreme Court has decided are needed such that the 14th Amendment Due

Process rights of the defendants are not violated.   D.C.'s long-arm statute holds that, "A District

of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an

agent, as to a claim for relief arising from the person's (1) transacting any business in the District

of Columbia; ... (3) causing tortious injury in the District of Columbia by an act or omission in

the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or

omission outside the District of Columbia if he regularly does or solicits business, engages in any

other persistent course of conduct, or derives substantial revenue from goods used or consumed,

or services rendered, in the District of Columbia. D.C. Code § 13-423.

Because Lurie has failed to show that any injury arises out of the same facts that establish

the defendants' contacts with the District, and that the defendants acted in their individual

capacities, his complaint against them must be dismissed.  In this case, the facts plaintiff alleges

caused him injury include Dr. Phillips' refusal to allow Lurie to join MAPMG's outside provider

network, and Dr. Lustgarten and Dr. Aryavand's discouraging comments made to Geraldine

Edwards and Judy Gantt.  The defendants told these patients that their insurance would not cover

treatment by Dr. Lurie, and thus plaintiff maintains that this resulted in tortious interference.

However, both of these patients still chose to go to Lurie, thus he never incurred any real injury

from Lustgarten and Aryavand's statements.  (*See*, Edwards Aff. ¶ 6. (Lurie performed surgery

on her arm); Gantt Aff. ¶ 6. (has scheduled upcoming surgery with Dr. Lurie)) Therefore, no

tortious injury occurred in D.C. resulting from Dr. Lustgarten's and Dr. Aryavand's actions.

Without such injury, plaintiff cannot bring suit in D.C. as his claim must arise from defendants'

contacts with the forum.  *See*, D.C. Code 13-423(b); *Burger King v. Rudzewicz*, 471 U.S. 462

(1985).  Further, the actions of Dr. Phillips are not of concern because he no longer works for

MAPMG and thus any relief this court could grant would be immaterial.  Dr. Phillips does not

have any power to include Dr. Lurie in the MAPMG provider network, therefore, plaintiff's

claim against him is moot as he only seeks injunctive relief.

Lastly, and perhaps most compelling, is defendants' argument that even if they did cause

tortious events in the District of Columbia, it was not in their own capacity, but out of their

duties as employees of MAPMG.  Plaintiff must show that defendants were acting as individual

entities and not as employees of a larger company.  The doctrine of respondeat superior has been

long embraced by this jurisdiction. *See*, *Quinto v. Legal Times of Washington, Inc.*, 506 F.Supp.

554, 558 (D.D.C. 1981) ("When there are no allegations that a nonresident defendant's contacts

with a jurisdiction were for the purpose of transacting business as an individual, but rather were only to perpetuate a corporation's business, that defendant cannot be sued individually under the 'transacting business' prong of the long-arm statue.") *See also*, *Wiggins v. Equifax Inc.*, 853 F.Supp. 500, 503 (D.D.C. 1994) (citing *Quinto*).

After reviewing the record, the Court finds that plaintiff has not alleged any facts which suggest that defendants were acting in any other capacity than as employees of MAPMG. Dr. Phillips' supposed denial of access to the MAPMG provider network is intrinsically an action arising out of his duties as an employee. The Court can see no reason why Dr. Phillips could gain personally one way or the other from Dr. Lurie becoming a member of this network or not. Further, Dr. Lustgarten and Dr. Aryavand offer sworn affidavits that they saw patients Gantt and Edwards only as employees of MAPMG. (Lustgarten Aff. ¶ 4; Aryavand Aff. ¶ 4.) Plaintiff does not offer any contrary evidence on this point, thus, his claims against defendants must be dismissed.

## IV. Conclusion

In failing to establish either general or specific jurisdiction over defendants Aryavand, Phillips, and Lustgarten, plaintiff gives this court no other choice than to dismiss his claims against these defendants. Plaintiff does not offer much more than "defendants acted in their individual capacities" in interfering with his business. The Court considers such allegations as nothing more than conclusory and speculative. Plaintiff must allege details to show that in the course of their employment, the defendants departed from their acts as employees and acted out of personal motivation.

For the foregoing reasons, defendants Yancy Phillips' and Jacob Lustgarten's Motion to Dismiss [3] for Lack of Personal Jurisdiction is GRANTED, and further

Defendant Aryavand's Motion to Dismiss [7] for Lack of Personal Jurisdiction or in the alternative for Mootness, is GRANTED.

Plaintiff's claims against defendants Phillips, Lustgarten and Aryavand are hereby dismissed.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, August 9, 2007.