UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEAN KEVIN LURIE, M.D. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1386 (RCL) |
| ) | |
| MID-ATLANTIC PERMANENTE ) | |
| MEDICAL GROUP, P.C., et al. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

Plaintiff Dean Kevin Lurie is a vascular surgeon who was employed by the Mid-Atlantic Permanente Medical Group (MAPMG) as a staff physician from August 15, 1988 to when he was fired on October 21, 2005. Lurie has filed suit in this Court alleging that defendant Mid-Atlantic Permanente Medical Group, in discharging him, engaged in employment discrimination, wrongful termination and breach of contract. ( Compl. ¶ 3.) MAPMG discovered that Lurie submitted documents stating that he had treated several patients when in fact, this work never transpired. Even though Lurie was paid a full salary and bonuses, MAPMG paid Lurie additional pay for extra work performed outside his regular hours. (Countercl. ¶ 8.) MAPMG claims that it compensated Lurie to their detriment for alleged work performed at "ghost clinics." (*See*, Countercl. at ¶¶ 9-10.) Lurie asserts that this reason was really a pretext for age discrimination in order to deprive him of pension benefits because MAPMG hired a younger person to replace him. (Compl. ¶¶ 4,17.)

In response to Lurie's complaint against MAPMG, defendant has filed a counterclaim [2]

alleging breach of contract, fraud, negligent misrepresentation, and unjust enrichment. The matter currently before the Court is Lurie's motion to dismiss [9] this counterclaim. Plaintiff argues that defendant cannot file suit in D.C. because (1) its certificate to transact business has expired, (2) MAPMG has failed to allege the appropriate elements for breach of contract and (3) because MAPMG fails to state any damages. Upon consideration of defendant's counterclaim [2], plaintiff's motion to dismiss [9], and defendant's opposition [11], the Court finds that, defendant has stated a proper counterclaim which cannot be dismissed. Thus, plaintiff's motion to dismiss the counterclaim [9] must be DENIED.

## I. Applicable Law

Plaintiff has filed a motion to dismiss [9] MAPMG's counterclaim for failure to state a claim under Federal Rule 12(b)(6). While Rule 8 only requires that the claimant plead, "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks," courts have held that the pleader must give enough information such that the defendant has notice of the claim against him. *See*, *Nelson v. Covington*, 519 A.2d 177, 178 (D.C. 1986). In evaluating the sufficiency of the complaint, the court must not weigh the evidence presented, but consider whether the pleader could prevail as a matter of law even if all facts alleged were taken as true. *McBriyde v. Amoco Oil Co.*, 404 A.2d 200, 202 (D.C. 1979). However, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the

complaint's allegations are true." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1959 (U.S. 2007).

## II. Discussion

Plaintiff alleges that because MAPMG allowed its certificate of authority to transact business in the District of Columbia to expire, it may not bring the present counterclaim in D.C. D.C. Code § 29-101.119(a) (2006) states: "No foreign corporation... which transacts business in the District without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of the District until such corporation shall have obtained a certificate of authority."  MAPMG first obtained a license to transact business in D.C. on October 4, 1995, and has several offices in D.C.  This license expired in April 2005 because MAPMG failed to pay the necessary annual renewal fee, resulting in MAPMG conducting business in D.C. without a license for over a year.  MAPMG fully recognized that a corporation should not be allowed to file suit in a jurisdiction in which it is not licensed, and therefore corrected its mistake by paying the fee and reinstating its certificate on October 11, 2006.[1] (Opp. at 2; Phillips Aff. at ¶ 4.)

Because MAPMG now has a current certificate of authority to transact business in the District, its counterclaim is valid.  This Court has adopted the view that once the business corrects its records, it may maintain suit in the District.  *See*, *Fed. Loose Leaf Corp. v. Woodhouse Stationery Co.*, 163 F.Supp. 482 (D.D.C. 1958) (citing the reasoning in *Nat'l Fertilizer Co. v. Fall River Five Cents Sav. Bank*, 82 N.E. 671, 672 (Mass. 1907) that this type of statute is meant to ensure that certain business information is made public, such as financial

---

[1] Defendant's counterclaim was filed on September 5, 2006; plaintiff filed his motion to dismiss on September 28, 2006; and defendant filed its opposition on October 12, 2006, one day after their certificate was renewed.  The Court assumes that the current litigation was what prompted MAPMG to renew the license.

standing, not to limit a business' ability to bring suit in court).  This reasoning also comports with equity, as it would be unjust to deny MAPMG the right to bring suit when it is very possible that the company was the victim of fraud, and it had inadvertently missed a renewal payment.

Plaintiff also argues that defendant's counterclaim should be dismissed because it has failed to allege the elements of a breach of contract and has not alleged any damages.  While MAPMG does have the duty of providing enough detail such that Lurie is put on notice of the actions which gave rise to the current suit, it need not be as specific as stating the specific elements of formation and breach.  It is enough that MAPMG has alleged that it entered into an employment contract with Lurie, Lurie made representations to MAPMG that he performed services which were never rendered, and MAPMG compensated Lurie for these services.  (*See*, Countercl. ¶¶ 8-10.)  Further, these facts are not simply a formulaic recitation of the cause of action's elements, and it seems that further discovery is needed in order for MAPMG to investigate the "ghost clinics" that Lurie alleged to have worked at.

Lastly, Federal Rule 8 does not require that MAPMG allege a specific amount of damages in order to survive a motion to dismiss.  Defendant has done enough in claiming that damages are any payments they made to Lurie which were based on fradulent work records.  Because discovery is needed in order to determine exactly how many of these work records were fabricated, if at all, the court cannot dismiss the claim simply because defendant has failed to place a number on the amount of compensation it paid to Lurie on false pretenses.  *See*, *Compania de las Fabricas v. Bagley & Sewall Co.*, 10 F.R.D. 140, 141 (N.D.N.Y. 1950) (motion to dismiss breach of contract claim dismissed even though no specific damages were alleged).

## III. Conclusion

For the foregoing reasons, the Court finds that defendant Mid-Atlantic Permanente Medical Group has successfully pleaded a counterclaim against plaintiff Dean Kevin Lurie. If MAPMG has in fact paid Lurie compensation for which he performed no work, the employer must be able to seek remedy from a court of law.

Plaintiff's motion to dismiss [9] defendant's counterclaim is therefore DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, August 8, 2007.