UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEAN KEVIN LURIE, M.D., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MID-ATLANTIC PERMANENTE )<br>MEDICAL GROUP, P.C. (MAPMG) )<br>D/B/A KAISER PERMANENTE )<br>("KAISER"), ET AL., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:06CV01386<br>Judge Royce C. Lamberth |

REPORT TO THE COURT AND PROPOSED ORDER

Pursuant to the order of this Court filed August 10, 2007, counsel for Plaintiff Dean Kevin Lurie, M.D. and Mid-Atlantic Permanente Medical Group, P.C. (MAPMG), held a Local Rule 16.3 Conference on August 23, 2007. The parties discussed the matters identified in paragraph (c) of that rule and report the following:

(1) Whether the case is likely to be disposed of by dispositive motion; and whether if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Plaintiff: Plaintiff believes that some or all of Defendant's claims will be disposed of by dispositive motion after discovery. No motion is pending.

Defendant: Defendant believes some or all of Plaintiff's claims will be disposed of by dispositive motion after discovery. No motion is pending.

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

1

<u>Plaintiff</u>:   See attached proposed scheduling order.

<u>Defendant</u>:  Defendant agrees.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

<u>Plaintiff</u>: Plaintiff is unwilling to have this matter proceed before a United States Magistrate Judge.

<u>Defendant</u>: Defendant agrees.

(4) Whether there is a realistic possibility of settling the case.

<u>Plaintiff</u>:   Unknown.

<u>Defendant</u>: Defendant will settle this case by executing a mutual release of claims and a dismissal with prejudice of the complaint and counterclaim.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

(i) the client's goals in bringing or defending the litigation;

(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii) the point during he litigation when ADR would be most appropriate with special consideration given to:

    (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

        (bb)    whether ADR should take place before or after the judicial resolution of key legal issues;

(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, and assessment of damages and/or the potential settlement value of the case;

<u>Plaintiff</u>: Plaintiff would be willing to participate in an early settlement/ADR conference. Plaintiff is also willing to postpone discovery so as to determine if the case can be resolved before the parties incur further litigation expense.

<u>Defendant</u>: Defendant does not believe ADR or an early settlement conference would be productive and does not wish to participate in such proceedings. Defendant's position on settlement is set forth in paragraph 4.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions;

<u>Plaintiff</u>: Plaintiff agrees with Defendant.

<u>Defendant</u>: Defendant plans to move for summary judgment. Defendant asks that the deadlines for such motions be 30 days after the close of discovery.

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

<u>Plaintiff</u>: Plaintiff agrees with Defendant.

<u>Defendant</u>: Defendant will dispense with the initial disclosures.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

Plaintiff: Written discovery first, depositions thereafter, unless necessary to preserve testimony. Plaintiff believes that a limitation of 40 hours of depositions of fact witness (including parties) per side is appropriate.

Defendant: Defendant agrees with Plaintiff.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

Plaintiff: Depositions should occur after written discovery.

Defendant: Defendant agrees with Plaintiff.

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motions and a proposed date for decision.

Plaintiff: Not applicable.

Defendant: Not applicable.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

Plaintiff: No.

<u>Defendant</u>: No.

(12)　The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

<u>Plaintiff</u>: After the Court decides dispositive motions and Settlement Conference/ADR is completed.

<u>Defendant</u>: 30 days after the Court decides any dispositive motions, or 60 days after the close of discovery if no such motion is filed.

(13)　Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

<u>Plaintiff</u>: Set at pretrial conference.

<u>Defendant</u>: Set at pretrial conference.

(14)　Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

<u>Plaintiff</u>: None.

<u>Defendant</u>: None.

Counsel discussed the scheduling order and are attaching alternative versions. Both parties reserve the right to move for additional time if appropriate under the circumstances.

Dated: September 4, 2007.

Respectfully submitted,

DEAN KEVIN LURIE, M.D.
("Plaintiff")


By:_____/s/_____
      James S. Bubar, Esq.
      (D.C. Bar No. 321125)
      Suite 800
      1776 K Street, N.W.
      Washington, DC  20006
      (202) 223-2060
      (202) 223-2061 Fax
      JBubar@aol.com

      Attorney for Plaintiff

MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C. (MAPMG) D/B/A KAISER PERMANENTE ("KAISER"),


By:_____/s/_____
      R. Michael Smith, Esq.

By:_____/s/_____
      Charles R. Bacharach, Esq.
      Gordon, Feinblatt, Rothman,
      Hoffberger & Hollander. LLC
      233 East Redwood Street
      Baltimore, MD 21202
      401/576-4174
      msmith@gfrlaw.com
      401/576-4169
      cbacharach@gfrlaw.com

      Attorneys for Defendant

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 4, 2007, the service of the foregoing "Report to the Court and Proposed Orders," under Fed. R. Civ. P. 5(a) has been made under Local Civil Rule 5.4(d) on the following persons:

     (By email to RCL_ECF@dcd.uscourts.gov)

     The Honorable Royce C. Lamberth
     E. Barrett Prettyman
     United States Courthouse
     333 Constitution Avenue, NW
     Washington, DC 20001

     James S. Bubar, Esq.
     Suite 800
     1776 K Street, N.W.
     Washington, DC 20006

     R. Michael Smith
     Charles R. Bacharach
     Gordon, Feinblatt, Rothman,
     Hoffberger & Hollander. LLC
     233 East Redwood Street
     Baltimore, MD 21202

                                                    /s/
                                            James S. Bubar

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEAN KEVIN LURIE, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:06CV01386 |
| ) | Judge Royce C. Lamberth |
| MID-ATLANTIC PERMANENTE ) | |
| MEDICAL GROUP, P.C. (MAPMG) ) | |
| D/B/A KAISER PERMANENTE ) | |
| ("KAISER"), ET AL., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S PROPOSED ORDER

Upon consideration of the "Report to the Court and Proposed Order" filed by Plaintiff and the Defendant, it is this _____ day of _____, 2007:

ORDERED, that the following dates shall govern this proceeding:

| | | |
|---|---|---|
| (1) | Moving for joinder of additional parties and amendment of pleadings (30 days after entry of scheduling order) | October \_\_\_\_, 2007 |
| (2) | Plaintiff's Rule 26(a)(2) disclosures re: experts | December 3, 2007 |
| (3) | Defendant's Rule 26(a)(2) disclosures re: experts | January 2, 2008 |
| (4) | Plaintiff's rebuttal Rule 26(a)(2) disclosures re: experts | February 1, 2008 |
| (5) | Discovery deadline; Submission of status report | April 1, 2008 |
| (6) | Dispositive pretrial motions deadline | May 1, 2008 |
| (7) | Ruling on dispositive pretrial motions | June 2, 2008 |
| (8) | Settlement Conference/ADR | July 1, 2008 |

(9)   Pretrial                                                                October 1, 2008

_____
UNITED STATES DISTRICT JUDGE

CC:   James S. Bubar, Esq.
      Suite 800
      1776 K Street, N.W.
      Washington, DC  20006
      (Counsel for Plaintiff)

      R. Michael Smith
      Charles R. Bacharach
      Gordon, Feinblatt, Rothman,
      Hoffberger & Hollander. LLC
      233 East Redwood Street
      Baltimore, MD 21202
      (Counsel for Defendants)