IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEAN KEVIN LURIE, M.D., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.:1:06-cv-01386<br>Judge Royce C. Lamberth |
| MID-ATLANTIC PERMANENTE<br>MEDICAL GROUP, P.C. (MAPMG) d/b/a<br>KAISER PERMANENTE ("KAISER"), *et<br>al.*, | * | |
| | * | |
| Defendants. | * | |

FILED

MAR - 4 2008

Clerk, U.S. District and
Bankruptcy Courts

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## STIPULATION AND ORDER REGARDING
## CONFIDENTIALITY OF DISCOVERY MATERIAL

The parties have stipulated that certain discovery material be treated as confidential. Accordingly, the Court orders as follows:

1.  Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all deposition testimony and deposition exhibits and documents produced by third-parties shall be subject to this Order concerning confidential information, as set forth below:

   A. The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." Either party, or a third-party responding to discovery from a party or a subpoena, who provides material, may designate it as confidential only when such person in good faith believes it contains sensitive personal information, Protected Health Information ("PHI") under the Health Insurance Portability and Accountability

746611.1 3/3/2008

Act ("HIPAA"), trade secrets or other confidential research, development, or commercial information. The parties anticipate designating as Confidential testimony, responses to written discovery requests, and documents which include information pertaining to the parties' business and marketing plans, profit margins, tax returns, employee compensation, patient identities, PHI under HIPAA, and medical records. Except for documents produced for inspection at the parties' facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the parties' facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

    B.  Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven (7) business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL", as described above, shall also be deemed to be designated as "CONFIDENTIAL".

    C.  Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons

identified in subparagraph D below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

    D.    The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

    (i)    Disclosure may be made to counsel and to those assisting counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

    (ii)    Disclosure may be made only to the parties and those assisting them in the conduct of the litigation in which the information was disclosed.

    (iii)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

    (iv)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") assisting the parties or counsel in the preparation and trial of the lawsuit. Any such expert to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject

to, the provisions of this Order requiring that the documents and information be held in confidence.

E.  Except as provided in subparagraph D above, counsel for the parties, and anyone receiving such material under subparagraph D above, shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

F.  All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2.  At the conclusion of this litigation, each person who has received or obtained confidential documents, or information contained or derived from such documents return all confidential information in his or her possession immediately to the person providing them or destroy such confidential information.

3.  Confidential Information Filed with Court.  To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope or box marked "SEALED PURSUANT TO ORDER OF COURT DATED _____".

4.  Party Seeking Greater Protection Must Obtain Further Order.  No information may be withheld from discovery on the ground that the material to be disclosed requires

protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection.

5. Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. If the motion concerns materials designated confidential by a third party, the moving party shall serve a copy of the motion on the third party or its counsel. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

6. Return of Confidential Material at Conclusion of Litigation. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party or destroyed.

The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

7. By their signatures to this agreement, counsel for the parties signify their understanding of it and their agreement to abide by its terms unless and until it is modified or superseded by further Order of this Court.

Respectfully submitted,

_____/s/_____
James S. Bubar (D.C. Bar No. 321125)
1776 K Street, NW, Suite 800
Washington, DC 20006
Tel.: (202) 223-2060
Fax: (202) 223-2061
Attorney for Plaintiff

746611.1 3/3/2008

/s/
R. Michael Smith (D.C. Bar No. 372654)
Charles R. Bacharach (D.C. Bar No. 44842)
Gordon, Feinblatt, Rothman,
 Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland 21202
Tel: 410-576-4069
Fax: 410-576-4292
Attorneys for Defendants

So Ordered on _March 4_, 2008.

*[signature]*
Judge Royce C. Lamberth