UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEAN KEVIN LURIE, M.D., <br><br> Plaintiff, <br> v. <br><br> MID-ATLANTIC PERMANENTE MEDICAL GROUP, P.C. (MAPMG) D/B/A KAISER PERMANENTE ("KAISER"), ET AL., <br><br> Defendants. | Civil Action No. 1:06CV01386 <br> Judge Royce C. Lamberth |

ANSWER TO COUNTERCLAIM

Plaintiff/Counter-Defendant Dean Kevin Lurie, M.D. ("Plaintiff"), by and through his counsel, and in response to the Counterclaim filed by Defendant/Counter-Plaintiff Mid-Atlantic Permanente Medical Group, P.C. (MAPMG) d/b/a Kaiser Permanente ("Kaiser") states as follows:

FIRST DEFENSE

With respect to the general allegations contained in the Counterclaim, Plaintiff responds as follows:

1. The allegations of Paragraphs 1, 2 and 6 of the Counterclaim are admitted.

2. The allegations of Paragraphs 3, 4 and 5 of the Counterclaim are statements of jurisdiction or venue to which no response is required, but to the extent that a response is required, they are denied.

3. The allegations of Paragraph 7 of the Counterclaim are admitted that Defendant employed Plaintiff from August 1988 until October 21, 2005.

1

    4.      The allegations of Paragraph 21 of the Counterclaim are denied except to admit that Plaintiff submitted records as directed by representatives of Defendant.

    5.      The allegations of Paragraphs 8, 10, 12, 13, 15, 16, 17, 18, 19, 22, 23, 24, 25, and 27 of the Counterclaim are denied.

    6.      The allegations of Paragraph 9 of the Counterclaim are denied for lack of information sufficient to form a belief as to its truth.

    7.      In response to Paragraph 11 of the Counterclaim, Plaintiff incorporates by reference his responses to the allegations in Paragraphs 1 through 10 of the Counterclaim.

    8.      In response to Paragraph 14 of the Counterclaim, Plaintiff incorporates by reference his responses to the allegations in Paragraphs 1 through 13 of the Counterclaim.

    9.      In response to Paragraph 20 of the Counterclaim, Plaintiff incorporates by reference his responses to the allegations in Paragraphs 1 through 19 of the Counterclaim.

    10.     In response to Paragraph 26 of the Counterclaim, Plaintiff incorporates by reference his responses to the allegations in Paragraphs 1 through 25 of the Counterclaim.

    11.     Plaintiff denies each and every allegation contained in the Counterclaim not specifically admitted above, and denies that Defendant is entitled to any relief whatsoever.

SECOND DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

THIRD DEFENSE

The Counterclaim is barred by the Statute of Frauds.

FOURTH DEFENSE

The Counterclaim is barred by the Statute of Limitations.

FIFTH DEFENSE

Plaintiff demands strict proof of Defendant's Counterclaim.

SIXTH DEFENSE

The Counterclaim is barred by the contributory negligence of the Defendant.

SEVENTH DEFENSE

The Counterclaim is barred by the doctrines of bad faith, unclean hands, and unjust enrichment.

EIGHTH DEFENSE

The Counterclaim is barred by the doctrines of payment, accord and satisfaction.

NINTH DEFENSE

The Counterclaim is barred by the doctrines of setoff and quantum meruit.

TENTH DEFENSE

The Counterclaim is barred because Defendant lacks legal existence, failed to allege the elements of a breach of contract, and failed to alleged damages.

ELEVENTH DEFENSE

Defendant failed to plead fraud with particularity.

TWELFTH DEFENSE

The Counterclaim is barred by Defendant's material breaches of the alleged contract with the Plaintiff.

THIRTEENTH DEFENSE

The Counterclaim is barred by the doctrine of mistake.

FOURTEENTH DEFENSE

The Counterclaim is barred by the doctrines of waiver, estoppel and latches.

FIFTEENTH DEFENSE

The Counterclaim is barred by Defendant's own policies and procedures.

SIXTEENTH DEFENSE

Defendant has failed to produce a proper accounting.

SEVENTEENTH DEFENSE

The Counterclaim is barred by doctrines of collateral estoppel and res judicata. The Maryland Office of Unemployment Insurance found that Defendant's evidence was insufficient.

EIGHTEENTH DEFENSE

Plaintiff incorporates herein all of his claims in his Complaint as additional defenses to the Counterclaim.

NINETEENTH DEFENSE

Plaintiff reserves the right to amend this Answer to Counterclaim to include additional defenses should the need to do so arise.

WHEREFORE, having fully answered, Plaintiff prays that Defendant take nothing by the Counterclaim, that the Counterclaim be dismissed with prejudice, and that Plaintiff be awarded reasonable attorneys fees, costs, interest and such other and further relief as may be appropriate.

Dated: May 21, 2008.

> Respectfully submitted,
>
> DEAN KEVIN LURIE, M.D.
> ("Plaintiff")
>
> By:_____/s/_____
> James S. Bubar, Esq.
> (D.C. Bar No. 321125)
> Suite 800
> 1776 K Street, N.W.
> Washington, DC  20006

(202) 223-2060
(202) 223-2061 Fax

Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2008, the service of the foregoing "Answer to Counterclaim" under Fed. R. Civ. P. 5(a) has been made under Local Civil Rule 5.4(d) on the following persons:

R. Michael Smith
Charles R. Backarach
Gordon, Feinblatt, Rothman,
Hoffberger & Hollander. LLC
233 East Redwood Street
Baltimore, MD 21202
(Counsel for Defendant)

/s/
James S. Bubar