UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DEAN KEVIN LURIE, M.D.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-1386 (RCL)** |
| | ) | |
| **MID-ATLANTIC PERMANENTE** | ) | |
| **MEDICAL GROUP, P.C. (MAPMG)** | ) | |
| **D/B/A KAISER PERMANENTE** | ) | |
| **("KAISER"), et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION

## I.    INTRODUCTION

Now before the Court is plaintiff Lurie's motion [34] for leave to file an amended complaint.  Upon consideration of the motion, the defendant Mid-Atlantic Permanente's opposition [35], the reply [37], applicable law, and the entire record herein, the plaintiff's motion will be DENIED.

## II.    PROCEDURAL HISTORY

On August 4, 2006, plaintiff filed his complaint. (Docket entry [1].)  The defendant filed an answer and asserted a counterclaim on September 5, 2006. (Docket entry [2].)  After several motions, the Court entered a scheduling order on September 26, 2007.  (Docket entry [21].) Although some of the deadlines were modified by later orders, the deadline for moving for

joinder of additional parties and amendment of pleadings was October 26, 2007, and neither

party subsequently asked to extend that deadline until the present motion.[1]  Discovery ended on

October 8, 2008. (Minute Order, August 7, 2008.)  After the close of discovery, more than two

years after the defendant's answer, and more than a year after the Court's deadline for filing an

amended complaint, the plaintiff filed the current motion, asking the Court to allow the plaintiff

to file an amended complaint in which it alleges punitive damages.  For the following reasons,

the plaintiff's request will be denied.


## III.   ANALYSIS

### A.     Applicable Law

The plaintiff asserts that Federal Rule of Civil Procedure 15 is applicable to the present

motion, in which the Federal Rules state that "[t]he court should freely give leave [to amend a

complaint] when justice so requires."[2]  (Mot. 2.); Fed. R. Civ. P. 15(a)(2).  The defendant, on the

other hand, contends that the Court should apply the "good cause" standard of Rule 16[3] because

the plaintiff is moving to amend the complaint well after the deadline set in the Court's

scheduling order.  (Def.'s Opp'n 2.)

Although the D.C. Circuit has apparently not decided whether the Rule 15 or Rule 16

---

[1]The present motion for leave to file an amended complaint was filed on October 20, 2008.

[2]Because the defendant has already filed an answer, the plaintiff cannot amend as a matter of course.

[3]Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent."

standard applies to a motion for leave to amend a pleading after a scheduling order deadline has

passed, the Court, in accordance with a previous decision of this Court, agrees with the defendant

that the good cause standard of Rule 16 applies.  *Robinson v. Detroit News*, *Inc.*, 211 F. Supp. 2d

101, 114 (D.D.C. 2002) (Urbina, J.).   The Fourth Circuit, in a recent opinion, noted the tension

between Rule 15(a) and Rule 16(b) after the scheduling order deadline for amending pleadings

has passed and concluded, in accordance with other circuits, that the good cause standard of Rule

16(b) applies:

> Given their heavy case loads, district courts require the effective case management
> tools provided by Rule 16.  Therefore, after the deadlines provided by a
> scheduling order have passed, the good cause standard must be satisfied to justify
> leave to amend the pleadings.  This result is consistent with rulings of other
> circuits.  *See O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152 (1st Cir.
> 2004); *Enters. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003);
> *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003); *In re Milk Prods.
> Antitrust Litig.*, 195 F.3d 430, 437–28 (8th Cir. 1999); *Sosa v. Airprint Sys., Inc.*,
> 133 F.3d 1417, 1419 (11th Cir. 1998).

*Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).  To hold otherwise would

allow Rule 16's standards to be "short circuited" by those of Rule 15 and would allow for parties

to disregard scheduling orders, which would "undermine the court's ability to control its docket,

disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."  *Leary*

*v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Johnson v. Mammoth Recreations, Inc.*,

975 F.2d 604, 610 (9th Cir. 1992)).  The First Circuit similarly explained its preference for the

Rule 16(b) standard in this situation because "litigants cannot be permitted to treat a scheduling

order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without

peril." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d at 155.

Accordingly, because the "good cause" standard applies, the Court's inquiry must focus

on the reasons the plaintiff has given for his delay instead of the substance of the proposed

amendment.  *See id.* at 299 (refusing to address whether the amendment to the complaint would

be "futile," because futility is a Rule15(a) consideration, not a Rule 16(b) consideration).  As

explained by one federal court, "Rule 16(b)'s good cause standard focuses on the timeliness of

the amendment and the reasons for its tardy submission."  *Rassoull v. Maximus*, *Inc.*, 209 F.R.D.

372, 374 (D. Md. 2002).  *See also O'Connell*, 357 F.3d at 155.

### B.      Plaintiff's Explanation does not Constitute "Good Cause"

In this case, the plaintiff's explanation for the tardy amendment is that "Defendant is

seeking relief under its own counterclaim which includes punitive damages.  Plaintiff would like

to add punitive damages to his claim, as well." (Mot. 1.)  The plaintiff's explanation falls

woefully short of the "good cause" required for allowing a plaintiff to amend a complaint under

Rule 16(b).  This explanation fails to explain why plaintiff did not assert punitive damages in

time to comply with the Court's scheduling order, as it apparently could have easily done with

due diligence.  Allowing the plaintiff to add claims merely so that it can engage in a tit-for-tat

litigation strategy surely is not what the Federal Rules mean by "good cause."  The plaintiff's

inadequate explanation, combined with the fact that the motion for leave to file an amended

complaint was filed almost a year after the Court's deadline, two years after the defendant's

answer, and two weeks after the close of discovery, leads the Court to conclude that the plaintiff

cannot amend his complaint under the Rule 16(b) "good cause" standard.  In sum, Lurie did not

comply with the Court's scheduling order and failed to explain his tardiness with good cause.

In *Nourison*, the recent 4th Circuit case that dealt with this issue, that court rejected a

similar attempt by a party to amend a pleading after the scheduling order deadline had passed.

535 F.3d at 298.  In that case, a defendant explained his failure to amend his answer by the

scheduling order deadline by stating that he realized a new defense was available after rereading

the documents in the case.  *Id*.  The Fourth Circuit summarily rejected this explanation for

tardiness, ruling that it fell "*far short* of what is required to satisfy the good cause standard, and

the District Court thus properly denied the motion."  *Id*. (emphasis added).  Similarly, the

plaintiff in this case offers no explanation for failing to assert punitive damages other than that he

did not think of punitive damages until the defendant raised the issue.[4]  Like the Court in

*Nourison*, this Court finds that this explanation falls far short of good cause.[5]  *See also O'Connell*

*v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004) (affirming district court's

denial of leave to amend because an explanation that the plaintiff did not amend by the deadline

because of "circumstances not within their control" did not establish good cause).


IV.    **CONCLUSION**

        The deadline for amending the pleadings in this matter was October 26, 2007.  Pursuant

to Federal Rule of Civil Procedure 16(b), the pleadings may now only be amended for "good

cause."  The plaintiff's assertion that he wants to amend the pleadings to include a request for

---

        [4]The inadequacy of this explanation is compounded by the fact that the defendant asserted
a counterclaim in which it requested punitive damages over two years before the plaintiff filed a
motion asking to amend his complaint so that he could also make claims for punitive damages.
(Docket entry 2 at 12.)

        [5] Allowing the plaintiff in this case to amend his complaint after the close of discovery
may also prejudice the defendant.  The defendant already conducted discovery unaware that the
plaintiff would be asserting claims that included punitive damages.  As a result, the Court would
either have to reopen discovery, which would further delay this case, or have to force the
defendant to proceed on the basis of discovery that was obtained before it was fully aware of the
allegations and the relief requested.

punitive damages because the defendant's counterclaims include a request for punitive damages does not constitute good cause.  Accordingly, the plaintiff's motion to amend his complaint will be DENIED.

A separate order will issue this date.

SO ORDERED.


Signed by Chief Judge Royce C. Lamberth on December 15, 2008.