UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEAN KEVIN LURIE, M.D., §
    Plaintiff, §
§
v. § Civ. Action No. 06-1386 (RCL)
§
MID-ATLANTIC PERMANENTE §
MEDICAL GROUP, P.C. d/b/a §
KAISER PERMANENTE, et al., §
    Defendants. §

FILED

SEP 3 0 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Before this Court is the plaintiff's motion to compel. On consideration of the motion, the opposition, and the reply thereto, as well as the entire record in this case, the motion to compel is granted in part and denied in part for the reasons set forth below. Additionally, as a consequence of this decision, both the motions for summary judgment are dismissed without prejudice to refile as stipulated in the separate order that accompanies this memorandum opinion.

### I. Introduction

Plaintiff, Dean Kevin Lurie, is a doctor who for some seventeen years was employed by Mid-Atlantic Permanente Medical Group (MAPMG) and its predecessor, here in Washington, D.C. and its Maryland suburbs. In October 2005, Dr. Lurie was fired from his position, for, as his employer alleges, falsifying time records. Dr. Lurie, however, believed his dismissal was based on age discrimination, and accordingly he submitted his claims to the Equal Employment

Opportunity Commission in late February 2006. By May 26, 2006, the findings of the EEOC as well as notice of suit rights had been sent to both Dr. Lurie and the attorneys for MAPMG. Dr. Lurie filed suit on August 4, 2006, alleging claims under the Age Discrimination in Employment Act, ERISA, and state common law.

## II.     Motion to Compel

While the plaintiff's discovery requests are not a model of draftsmanship, Dr. Lurie still raises several issues about document production that are critical to resolve before dispositive motions can be properly addressed. Although not properly identified by the plaintiffs' motion to compel, as required by Local Rule 26.2(d), it seems that both parties agree that what is disputed is defendants' compliance with the plaintiff's request for production # 30. Accordingly, the Court limits its consideration to request for production # 30. Any other relief sought by the motion to compel shall not be granted by this Court as the plaintiff has failed to properly notify MAPMG so that it may respond and present the issue to this Court for its consideration.

Request for production # 30 sought eleven different categories of written policies and procedures of the defendant. In their response and objections, the defendant identified certain policies it thought were responsive to the request and lodged several objections as well. The defendant's objections, as set forth in their opposition to the motion to compel will be considered, and then the Court addresses general and specific problems with MAPMG's production. First

though, the Court addresses MAPMG's argument that the motion to compel is untimely.

Although MAPMG contends that Lurie's motion to compel is untimely, it cites no authority for its position that a motion to compel filed outside the discovery period is untimely per se. Indeed, to the contrary, courts routinely consider motions related to discovery, even though they are filed outside the discovery period, especially where the time of filing of such a motion is attributable, as it is here, to the parties' attempted settlement of the discovery dispute. *See, e.g., McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP*, 243 F.R.D. 1, 11 (D.D.C. 2007) (noting that the federal rules contain no provision regarding the time of filing for a motion to compel and suggesting that a per se rule would create perverse incentives in discovery). As the Court considers the time of filing attributable to the parties' failure to settle the discovery dispute within the discovery period, and thus timely, it will consider the motion to compel.

At the outset, the Court notes that a trial court is afforded substantial discretion in handling discovery matters. *Food Lion Inc. v. United Food and Commercial Workers In'tl Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (citing *Brune v. IRS*, 861 F.3d 1284, 1288 (D.C. Cir. 1988)). MAPMG also contends that the policies Lurie seeks are not relevant to the issues to Lurie's claims or defenses. *Opposition* at 3. Lurie, however, states that he needs the operative policies and procedures in order to defend against MAPMG's motion for summary judgment on his wrongful discharge claim. MAPMG contests this assertion because it

believes that no Maryland or District of Columbia case has ever "premised a wrongful discharge claim on an employer's violation of its own policies." *Opp'n* at 4. While one could certainly characterize such claims as claims for breach of contract, and perhaps this should be the proper course, Lurie has cited two cases (one from Maryland and one from the District) that strongly suggest that a wrongful discharge claim can be based on an employer's violation of its own policies, even though it still would require a contractual obligation on the part of the employer. *Duncan v. Children's Nat'l Med. Ctr.*, 702 A.2d 207, 213 (D.C. 1997); *Haselrig v. Public Storage, Inc.*, 585 A.2d 294 (Md. App. 1991). MAPMG has not pointed to any other cases that affirmatively disclaim the viability of such a theory. Additionally, the Court notes that relevance, as defined in Rule 26, is broadly construed. As such the Court can neither say that such policies, as were operative at the time of Lurie's termination, would not be relevant to Lurie's defense or would preclude his making a claim in tort rather than contract nor that they are not relevant as contemplated by Rule 26. *See Pederson v. Preston*, 250 F.R.D. 61, 64 (D.D.C. 2008) (Lamberth, C.J.). It may be that the operative policies completely preclude Lurie's claims, as even the policies that predate his termination by many years, as well as those after the fact, contain broad disclaimers regarding the creation of contractual liability. But then again, they may not.

For example, the plaintiff has attached a sampling of the defendant's production, and one of the iterations of the defendant's "Progressive Discipline

4

Policy" states on its first page that it was issued in July 2005, but on the remaining three pages lists the date of the policy as July 2007. *See* MG01642–MG01645. This certainly invites some confusion as to whether the operative policy at the time of Lurie's termination was indeed produced. And while that policy does contain a disclaimer of contractual liability, if it was not in fact the operative policy, the Court cannot decide whether or not Lurie's claims can proceed. If the operative policies are no longer in existence, the defendant shall notify the Court in writing with an explanation as to why the operative policy and procedure has not been preserved.

Finally, the Court turns to one specific issue. In request for production # 30(A) the plaintiff sought the defendant's policies regarding the completion of time records, to which the defendant answered that "there are no policies specifically pertaining to how a physician is to fill out a time sheet." While there may be no such policy that exists specifically for physicians, to the extent a policy about filling out time sheets exists for employees generally, it shall be produced in the form that was operative at the time of the defendant's termination. If physicians are exempted from such a policy, should it exist, any documentation supporting the exemption shall be produced as well.

To the extent that the defendant identified other policies and procedures responsive to the plaintiff's request for production # 30, or identified policies it said it would produce in response, if those policies have not been produced in the

form that was operative at the time of the plaintiff's termination, they too shall be produced.

Furthermore, as the purpose of granting this motion to compel is to allow the Lurie to adequately raise a defense to MAPMG's motion for summary judgment, and this order might have some affect on Lurie's motion for summary judgment as well, all pending dispositive motions shall be dismissed without prejudice to refile once compliance with this Court's order has been met as directed in the accompanying order.

A separate order shall issue this date.

September 30, 2009

_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court